UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

In the Matter of the Arbitration under the North American Free Trade Agreement (NAFTA) between

INTERNATIONAL THUNDERBIRD GAMING CORPORATION

       Petitioner,

vs.

THE UNITED MEXICAN STATES,

       Respondent.

Civil Action No. 06-00748 (HHK)

## JOINT LCvR 16.3 REPORT

The parties, having conferred pursuant to Fed. R. Civ. P. 26(f) and LCvR 16.3, hereby jointly submit the following report in accordance with the Court's July 17, 2006 Order For Initial Scheduling Conference:

  1. Petitioner International Thunderbird Gaming Corporation ("Thunderbird") is a citizen of Canada.  In 2002, it initiated an arbitration proceeding against Respondent the United Mexican States ("Mexico") alleging violations of the obligations on the treatment of foreign investment contained in the North American Free Trade Agreement (NAFTA).  A three member arbitral tribunal was established under the procedures for such claims established by the NAFTA and the UNCITRAL Arbitration Rules.

  On January 26, 2006, a majority of the Tribunal--with one dissenting opinion--issued its Award:  (1) holding that Mexico did not breach the NAFTA; (2) dismissing Thunderbird's claims; and (3) awarding Mexico $1,226,549.38 in legal fees and $126,313.02 in arbitration

costs. Thunderbird, pursuant to Sections 10 and 12 of the Federal Arbitration Act, 9 U.S.C. §§ 10 & 12, has moved to vacate the arbitral award.

Respondent the United Mexican States has opposed Thunderbird's motion and cross-moved for confirmation and enforcement of the award under Section 9 of the Federal Arbitration Act, 9 U.S.C. § 9, and Article IV of the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("New York Convention"), which is incorporated into U.S. law through 9 U.S.C. § 201.

2. At issue is whether the Arbitral Award should be vacated by the Court. The case does not lend itself to being disposed of by a motion for summary judgment, but the parties believe that the case can be disposed of on the basis of the briefing that will be submitted to the Court.

3. The parties believe that there is no need to join additional parties to the matter or amend the pleadings and the parties agree that the factual and legal issues are those set forth in the record before the Arbitral Tribunal.

4. The parties believe that the case should not be assigned to a magistrate judge for all purposes.

5. The parties do not believe that there is a realistic possibility of settling the case.

6. The parties do not believe that the case could benefit from the Court's alternative dispute resolution ("ADR") or some other form of ADR, and counsel have discussed ADR and their position on the subject with their clients.

7. Although the case cannot be resolved by summary judgment or a motion to dismiss, the parties believe that the case can be disposed of on the basis of the briefing that will be submitted to the Court. On July 24, 2006, the Court granted Thunderbird until August 18,

2006 to file its reply to Mexico's opposition to Thunderbird's motion to vacate the arbitral award and its opposition to Mexico's cross-motion for confirmation, recognition and enforcement of the arbitral award.  The parties request that the Court allow Mexico until September 20, 2006 to file its reply to Thunderbird's opposition to Mexico's cross-motion for confirmation, recognition and enforcement of the arbitral award, and that the Court convene a hearing on the parties' motions by December 1, 2006 and issue a decision on the motions by February 1, 2007.

8. The parties agree to dispense with the initial disclosures required by Fed. R. Civ. P. 26(a)(1).

9. The parties agree that no discovery is necessary to resolve whether the Arbitral Award should be vacated.

10. The parties agree that it is not necessary to exchange expert witness reports and information pursuant to Fed. R. Civ. P. 26(a)(2) or to depose experts.

11. Given that this matter does not require a trial or discovery, the parties agree that it is unnecessary to address whether trial and/or discovery should be bifurcated or managed in phases, or to set the date for the pre-trial conference or trial.

12. A proposed Scheduling Order is submitted herewith.

Date:  July 28, 2006

                                           Respectfully submitted,

                                           /s/ Christopher W. Mahoney
                                           Christopher W. Mahoney (D.C. Bar No. 394416)
                                           Duane Morris LLP
                                           1667 K Street, NW  Suite 700
                                           Washington, DC 20006
                                           Telephone:  (202) 776-7867
                                           Facsimile:   (202) 776-7801

/s/ James D. Crosby
James D. Crosby
13400 Sabre Springs Parkway, Suite 200
San Diego, California 92128
Telephone: (858) 486-0085
Facsimile: (858) 486-2838

Attorneys for Petitioner
International Thunderbird Gaming Corporation

/s/ Stephan E. Becker
Stephan E. Becker (D.C. Bar No. 366676)
Anne E. Langford (D.C. Bar No. 492271)
Pillsbury Winthrop Shaw Pittman LLP
2300 N Street, N.W.
Washington, DC 20037
Telephone: (202) 663-8000
Facsimile: (202) 663-8007

Attorneys for Respondent United Mexican States

DM1\671905.1