**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| In the Matter of the Arbitration under the North American Free Trade Agreement (NAFTA) between<br><br>INTERNATIONAL THUNDERBIRD GAMING CORPORATION<br><br>                            Petitioner,<br><br>vs.<br><br>THE UNITED MEXICAN STATES,<br><br>                            Respondent. | Civil Action No. 06-00748 (HHK) |

**MEMORANDUM OF POINTS AND AUTHORITIES OF PETITIONER INTERNATIONAL THUNDERBIRD GAMING CORPORATION (1) IN REPLY TO OPPOSITION OF THE GOVERNMENT OF MEXICO TO MOTION TO VACATE ARBITRATION AWARD AND
(2) IN OPPOSITION TO CROSS-MOTION FOR CONFIRMATION, RECOGNITION AND ENFORCEMENT OF ARBITRATION AWARD**

Petitioner International Thunderbird Gaming Corporation ("Thunderbird") hereby submits its memorandum of points and authorities (1) in reply to the opposition of the Government of Mexico ("Mexico") to the motion to vacate arbitration award and (2) in opposition to Mexico's cross-motion for confirmation, recognition and enforcement of arbitration award.

# I.
# REPLY TO OPPOSITION OF MEXICO TO
# MOTION TO VACATE ARBITRATION AWARD

1. **Introduction**

In its opposition, Mexico ignores the substance of Thunderbird's principal argument for vacating the award. Rather, Mexico attempts to re-cast Thunderbird's argument as a broad-based attack on the Tribunal Majority's factual findings. The purpose for this approach is obvious. Under the applicable standards for vacating arbitration awards, a general challenge to an arbitrator's factual findings (akin to a "lack of substantial evidence" challenge upon traditional appeal) is bound to fail. So, as any calculating responding party would do, Mexico mis-characterizes Thunderbird's motion as simply a challenge to factual findings and then attacks it because it is simply a challenge to factual findings. Respectfully, this Court should not take the bait. What the Tribunal Majority did in the proceedings below was not just make a wrong decision on the facts. What it did, and what Thunderbird addresses in these proceedings, was something more basic and far more egregious. In disregard of well-established legal principles which were not only applicable to this NAFTA proceeding but which also serve as a necessary pre-requisite to the rendering of a non-arbitrary decision in any proceeding, the Tribunal Majority improperly relieved Mexico of the burden to produce evidence upon and prove matters raised in defense. Instead, the Tribunal Majority improperly supplanted its own inferences, suppositions, presumptions and, perhaps, pre-dispositions for evidence that Mexico was legally obligated to, but did not, produce.

Thunderbird well understands the great deference accorded to arbitration awards under the Federal Arbitration Act and otherwise. But, when an arbitration panel essentially "rigs the deck" against an arbitrating party, in utter disregard of applicable well-established legal

principles - *principles the panel itself acknowledges in its findings* - such that a party cannot get a full and fair determination of its claims on <u>all</u> of the facts, Thunderbird asserts that the reviewing court has no choice but to step in to right a wrong.

    2.    **Argument**

Thunderbird asserts the Award should be vacated because the Tribunal Majority acted in "manifest disregard of law". <u>Apex Plumbing Supply, Inc. V. U.S. Supply Company, Inc.</u> 142 F.3d 188 (4th Cir., 1998); <u>LaPrade v. Kidder, Peabody & Co. Inc</u>. 246 F.3d 702 (D.C. Cir., 2001). Thunderbird contends the Tribunal Majority knew of the governing legal principle concerning the allocation of burdens of proof and burdens of producing evidence yet refused to apply it, or ignored it altogether, in its analysis of Thunderbird's reliance on the *Oficio*.

Specifically, the Tribunal Majority found Thunderbird's *solicitud* to be inaccurate, incomplete and misleading, giving rise to the <u>implication</u> that Mexico was in fact misled as to Thunderbird's actual intended operations in the issuance of the *Oficio*. But, the Tribunal never imposed the burden upon Mexico to actually prove what the Tribunal implied - that the Mexican officials who actually received, reviewed and considered the *solicitud* in fact actually viewed it as not a proper disclosure, inadequate or misleading. There was no evidence before the Tribunal, and no burden placed on Mexico to produce evidence, that the Mexican officials who actually received, reviewed and considered the *solicitud* and/or who actually drafted, executed and issued the *Oficio* did not know exactly what Thunderbird intended to do and did not in fact intend to give Thunderbird "negative clearance" to proceed. The Tribunal Majority was required by law but did not shift the burden of producing evidence to Mexico on this critical issue despite the facts that (1) the assertion that Mexico was misled by the *solicitud* was raised as a matter of defense and/or (2) Thunderbird submitted substantial prima facie evidence of its reliance on the *Oficio*. In doing so, the Tribunal Majority doomed Thunderbird to failure from the outset. By

3

failing to allocate to Mexico the burden to produce evidence upon its defenses, the Tribunal effectively and improperly imposed upon Thunderbird the burden of proving the unprovable - what non-witness Mexico officials thought and understood at the time they negotiated the terms of, received and considered the *solicitud* and what non-witness Mexico officials meant and intended at the time of, and by way of, the *Oficio*. This, Thunderbird asserts, was a "manifest disregard of law" by the Tribunal Majority.

Further, the Tribunal Majority's "manifest disregard of the law" severely and unjustly prejudiced Thunderbird's case. Given the gravity of Thunderbird's claims, if the involved Mexican officials would have supported the arguments made by Mexico in arbitration, Thunderbird would have seen declarations and live testimony from those officials as evidence in the arbitration. The absence of such evidence clearly implies that the relevant Mexican witnesses were unwilling to provide such evidence and that, but for the Tribunal Majority's disregard of its obligation to impose upon Mexico the burden to produce evidence to support its defenses, the result for Thunderbird would have been dramatically different.

Finally, the harm done by the Tribunal Majority's disregard of the required imposition of the burden to produce evidence on Mexico was exacerbated by the Tribunal's refusal to allow Thunderbird to take depositions of the relevant Mexican witnesses. Thus, not only did the Tribunal Majority refuse and fail to impose upon Mexico the burden to produce relevant witnesses and evidence upon matters raised in defense, it also precluded Thunderbird from going to Mexico to get its own testimony from such witnesses.

In opposition, Mexico essentially ignores these arguments. In fact, nowhere in its brief does Mexico even address application of the relevant standards for vacating an arbitration award for "manifest disregard of law."

4

A party seeking to have an arbitration award vacated for "manifest disregard of law" must at least establish that (1) the arbitrators knew of a governing legal principle yet refused to apply it or ignored it altogether and (2) the law ignored by the arbitrators was well-defined, explicit, and clearly applicable to the case. <u>LaPrade</u>, <u>supra</u>, 246 F.3d at 706. In its motion to vacate, Thunderbird addressed at length these requirements for application of the "manifest disregard of law" standard. In opposition, Mexico ignored them.

**Requirement (1) of the "manifest disregard of law" standard:**

Thunderbird, at pages 19 through 22 of its initial points and authorities, established that the Tribunal Majority **"knew of"** the governing legal principle concerning the allocation of burdens of proof and burdens of producing evidence. In its opposition, Mexico does not address or dispute this assertion.

Thunderbird, at pages 19 through 22 of its initial points and authorities, established that the Tribunal Majority **"refused to apply or ignored altogether"** the governing legal principle concerning the allocation of burdens of proof and burdens of producing evidence. For example, despite a specific finding concerning the lack of contemporaneous evidence as to the "*solicitud*" *(Award, 150)*, the Tribunal Majority did not impose upon Mexico the burden of producing evidence even though it was Mexico that asserted, as a defense, three years after the fact, that the "*solicitud*" was misleading and inaccurate to the SEGOB officials in office when it was negotiated and submitted. Likewise, despite a specific finding concerning the lack of contemporaneous evidence as to the "*Oficio*" *(Award, 160)*, the Tribunal Majority did not impose upon Mexico the burden of producing evidence even though it was Mexico that asserted, as a defense, three years after the fact, that the "*Oficio*" was not a "negative clearance" for Thunderbird, was not intended to be relied upon and was not intended to set a standard for future

operation of skill machines by Thunderbird. In its opposition, Mexico does not address or dispute this assertion.

### Requirement (2) of the "manifest disregard of law" standard:

Thunderbird, at pages 25 through 26 of its initial points and authorities, established that the governing legal principle concerning the allocation of burdens of proof and burdens of producing evidence was **"well-defined, explicit and clearly applicable"** to the arbitration. In fact, the Tribunal defined the principle itself and found it applicable to the case. (Award, 94) In its opposition, Mexico does not address or dispute this assertion.

Finally, at pages 25 through 26 of its initial points and authorities, and throughout its entire brief for that matter, Thunderbird established that the Tribunal Majority's "manifest disregard of the law" **severely prejudiced** Thunderbird's case. In its opposition, Mexico does not address or dispute this assertion.

In fact, Mexico only directly addresses Thunderbird's principal argument at pages 15 through 18 of its opposition points and authorities. In doing so, Mexico seeks not to meet Thunderbird's principal argument, but, rather, to divert the Courts' attention from the proper application of the "manifest disregard of law" standard in this matter.

**First**, Mexico attempts to re-characterize away Thunderbird's principal contention on motion to vacate by arguing that Thunderbird's "*complaint is with the tribunal's assessment of the facts, not with its application of the law*." To the contrary, Thunderbird's principal "complaint" upon motion to vacate is that the Tribunal Majority refused to apply well-established and acknowledged principles of law governing the allocations of burdens of proof, not that the Tribunal was simply wrong on the facts before it. The problem addressed by Thunderbird's motion to vacate was not that the Tribunal Majority got it wrong on the facts

6

before it (even though Thunderbird believes it did). The problem addressed by Thunderbird's motion to vacate was, and is, that the Tribunal Majority did not require the production of evidence by Mexico upon the defenses it (Mexico) raised and ultimately prevailed on.

**Second**, Mexico argues that "the Tribunal found that Mexico met its burden because the *solicitud* itself proved the point." Needless to say, nowhere in the opinion did the Tribunal Majority place any burden of proof or producing evidence upon Mexico. Further, this contention by Mexico simply restates in argument form the "manifest disregard of law" exhibited by the Tribunal Majority and upon which the motion is based. In Thunderbird's view, the Tribunal Majority's construction of the *solicitud* as inaccurate and incomplete is meaningless and irrelevant, <u>absent</u> evidence from Mexico that it actually viewed the *solicitud* as inaccurate, incomplete or misleading. It is not a defense to this argument to simply say that the *solicitud* "itself proved the point." This is nothing other than offering the Tribunal's improper conduct as an excuse for the Tribunal's improper conduct.

In fact, by simple logic, Mexico could not successfully claim that Thunderbird misled it without providing relevant contemporaneous evidence that it was *in fact* misled. The Tribunal Majority allowed it to do so by not imposing upon Mexico the burden of producing evidence to that effect. Further, the Tribunal's analysis of the *solicitud*, in the absence of any contemporaneous-to-the-document evidence from the involved Mexican authorities is meaningless. Put in its most simple terms, the Tribunal Majority read the *solicitud* and determined by that reading that the document was, in its view, inaccurate, incomplete and misleading. But, it did not require Mexico to present any evidence that it, in fact, at the time, viewed the document as inaccurate or incomplete or that it, in fact, at the time, was misled. The Tribunal Majority supplanted required evidence from Mexico with its own reading of, and

7

conclusions about, the document. Granted, if Mexico had presented the Mexican authorities who received and reviewed the *solicitud* and issued the *Oficio* in reliance thereon and those officials testified that the *solicitud* was misleading in light of subsequently-discovered facts, it would have been appropriate for the Tribunal to analyze the *solicitud* to assess whether the officials' claims were reasonable. But, that did not happen here. No such evidence was presented by Mexico. It was inappropriate and arbitrary for the Tribunal to simply disregard and ignore the required allocation of burdens of proof and of producing evidence and then supplant its own inferences, suppositions and presumptions for evidence it did not require Mexico to produce.

**Third**, Mexico argues that Thunderbird presented the same burden of proof arguments to the Tribunal. Thunderbird agrees. In fact, in its initial points and authorities, Thunderbird presented verbatim portions of its arguments before the Tribunal addressing the burden of proof. The fact that the Tribunal heard Thunderbird's burden of proof arguments serves only to buttress Thunderbird's "manifest disregard of law" argument. In fact, a pre-condition to application of the "manifest disregard of law" standard is the arbitrator's knowledge of the principle of law being disregarded.

**Fourth**, and finally, Mexico refers to some testimony from Thunderbird's Mexico attorney concerning his opinion letter. Needless to say, this testimony has no bearing upon whether the Tribunal Majority, by ignoring the applicable burdens of proof and producing evidence, acted in "manifest disregard of the law."

The Tribunal Majority's misconduct is clearly established by the moving papers. In its opposition, Mexico essentially ignores, and clearly does not effectively refute, Thunderbird's showing of "manifest disregard of the law." What happened in this matter is exceedingly clear - the Tribunal Majority improperly stacked the deck against an arbitrating party. It did so in utter

disregard of applicable well-established legal principles - *principles the panel itself acknowledges in its findings* - such that Thunderbird could not, and did not, get a full and fair determination of its claims on all of the facts. In Thunderbird's view, this reviewing Court must now step in and remedy the severe prejudice arising from such misconduct. To do otherwise will send a message that NAFTA arbitration proceedings cannot be viewed as fair and non-arbitrary forums for the resolution of investor claims under the NAFTA. It is hard enough for a private party to take on a government to prosecute claims under the NAFTA. That private party should at least be accorded the assurance that the arbitration panel hearing such claims will apply basic and well-established principles relating to burdens of proof and conduct the proceedings in a non-arbitrary manner so as to allow a full and fair determination on <u>all</u> of the facts.

## II.
## OPPOSITION TO CROSS-MOTION FOR CONFIRMATION, RECOGNITION AND ENFORCEMENT OF ARBITRATION AWARD

By way of its cross-motion, Mexico seeks to confirm and enforce the arbitral award. For obvious reasons, if the Court vacates the award, Mexico's cross-motion is moot.

Further, under the clear dictates of the NAFTA and the UNCITRAL Rules, Mexico's cross-motion to confirm and enforce the arbitral award is premature and may not now be heard by this Court.

Article 1136 of the NAFTA addresses finality and enforcement of arbitration awards by a disputing party.[1] Section 3 of Article 1136 states, in pertinent part, as follows:

*A disputing may not seek enforcement of a final award until:*

---

[1] Under Article 1139 of the NAFTA, "disputing party" means "a party against which a claim is made under Section B." Thunderbird made its claims against Mexico under Section B, Articles 1115 <u>et</u>. <u>seq</u>. of the NAFTA. Mexico is a "disputing party" for the purposes of application of Article 1136 pertaining to the finality and enforcement of arbitration awards.

9

  (b)  in the case of a final award under the ICSID Additional Facility Rules or the UNCITRAL Arbitration Rules

    (I)  three months have elapsed for the date the award was rendered and no disputing party has commenced a proceeding to revise, set aside, or annul the award, or

    (ii)  a court has dismissed or allowed an application to revise, set aside or annul the award and there is no further appeal.

In the present proceedings, Thunderbird, within the three month period, commenced this proceeding to vacate the award, this Court has not ruled in this proceeding on the motion to vacate, and the time for further appeal by either party has not even commenced to run. Mexico's cross-motion is premature. The award may not yet be enforced. The cross-motion can only be denied.

## III.
## REQUEST FOR ORAL ARGUMENT

Pursuant to LCvR 7(f), Petitioner International Thunderbird Gaming Corporation requests oral argument.

Date: August 25, 2006    Respectfully submitted,

      /s/ Christopher W. Mahoney
      Christopher W. Mahoney (D.C. Bar No. 394416)
      Duane Morris LLP
      1667 K Street, N.W., Suite 700
      Washington, D.C. 20006
      Telephone: 202-776-7867
      Facsimile: 202-776-7801

      /s/ James D. Crosby
      James D. Crosby (Ca. State Bar No. 110383)
      Attorney at Law
      13400 Sabre Springs Parkway, Suite 200
      San Diego, California 92128
      Telephone: (858) 486-0085
      Facsimile:  (858) 486-2838
      Attorneys for Petitioner International Thunderbird Gaming Corporation

DM1\681129.1