UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In the Matter of the Arbitration under the North American Free Trade Agreement (NAFTA) between<br><br>INTERNATIONAL THUNDERBIRD GAMING CORPORATION<br><br>　　　　　　　　　　Petitioner,<br><br>vs.<br><br>THE UNITED MEXICAN STATES,<br><br>　　　　　　　　　　Respondent. | Civil Action No. 06-00748 (HHK) |

**PETITIONER INTERNATIONAL THUNDERBIRD GAMING CORPORATION'S MOTION TO STAY EXECUTION OF JUDGMENT AND FOR PROTECTIVE ORDER**

Petitioner International Thunderbird Gaming Corporation, by counsel, hereby moves this Court for an order staying all proceedings taken by respondent in aid of execution of the Court's February 14, 2007 judgment and for an order, pursuant to Fed. R. Civ. P. 26(c), directing that discovery sought by respondent in aid of execution of such judgment not be had pending the appeal of that judgment. The grounds for this Motion are set forth in the accompanying Memorandum of Law.

Pursuant to LCvR 7(m) and Fed. R. Civ. P. 26(c), the undersigned certifies that on May 1, 2007 he discussed this motion with Stephen E. Becker, counsel for respondent, in a good faith effort to determine whether there is any opposition to the relief sought herein in an attempt to resolve the matter without court action and if there is opposition, to narrow the areas of disagreement, and that counsel for respondent advised that he opposes this motion.

2

Respectfully submitted,

Date:  May 7, 2007

/s/ Christopher W. Mahoney
Christopher W. Mahoney (D.C. Bar No. 394416)
Duane Morris LLP
1667 K Street, NW  Suite 700
Washington, DC 20006
Telephone:  (202) 776-7867
Facsimile:   (202) 776-7801


/s/ James D. Crosby
James D. Crosby
13400 Sabre Springs Parkway, Suite 200
San Diego, California 92128
Telephone: (858) 486-0085
Facsimile:  (858) 486-2838


Attorneys for Petitioner
International Thunderbird Gaming Corporation

DM1\1111622.1

2

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In the Matter of the Arbitration under the North American Free Trade Agreement (NAFTA) between<br><br>INTERNATIONAL THUNDERBIRD GAMING CORPORATION<br><br>        Petitioner,<br><br>vs.<br><br>THE UNITED MEXICAN STATES,<br><br>        Respondent. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 06-00748 (HHK) |

**MEMORANDUM OF LAW IN SUPPORT OF PETITIONER INTERNATIONAL THUNDERBIRD GAMING CORPORATION'S MOTION TO STAY EXECUTION OF JUDGMENT AND FOR PROTECTIVE ORDER**

As a signatory to the North American Free Trade Agreement ("NAFTA"), respondent The United Mexican States ("Mexico") agreed that it may not seek enforcement of an arbitration award until there is no further appeal available to petitioner International Thunderbird Gaming Corporation ("Thunderbird"). Despite this, Mexico has served onerous discovery requests on Thunderbird allegedly "in aid of execution" of the award, even though Thunderbird has appealed this Court's order confirming the award. This Court should hold Mexico to its obligations under NAFTA by staying all proceedings in this matter until after Thunderbird's appeal is adjudicated by the District of Columbia Circuit Court of Appeals.

**BACKGROUND**

In reliance on representations made by Mexican government officials that Thunderbird's gaming facilities would be permissible in Mexico, Thunderbird opened several such facilities in Mexico only to have them closed by Mexican officials soon thereafter. As a result, Thunderbird,

a Canadian corporation, filed a request for arbitration pursuant to NAFTA, which protects foreign investors against discrimination and expropriation without fair compensation.[1] Specifically, Thunderbird submitted its claim for arbitration under NAFTA Chapter 11, Section B, pursuant to which the UNCITRAL Arbitration Rules were to "govern the arbitration except to the extent modified by this Section [B]."  NAFTA Article 1120(2).[2]

The UNCITRAL Arbitration Rules provide that an arbitration award made by the tribunal "shall be final and binding on the parties" and "the parties [shall] undertake to carry out the award without delay."  UNCITRAL Arbitration Rules, Article 32(2), attached hereto as Exhibit B.  Under NAFTA Article 1120(2), however, this UNCITRAL Arbitration Rule does not govern here because it was expressly modified by NAFTA Article 1136, which provides in pertinent part that "[a] disputing party may not seek enforcement of a final award until . . . in the case of a final award under . . . the UNCITRAL Arbitration Rules . . . a court has dismissed or allowed an application to revise, set aside or annul the award *and there is no further appeal*."  NAFTA Article 1136(3)(b)(ii) (emphasis added.)[3]

After an arbitration hearing was conducted in Washington, D.C., the arbitration tribunal issued an award in favor of Mexico, with costs and fees awarded to Mexico in the amount of $1,252,862.  Thunderbird petitioned this Court to vacate the award on grounds that the tribunal acted in manifest disregard of the law.  Mexico cross-moved for confirmation, recognition and (despite NAFTA Article 1136) enforcement of the arbitration award pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, and Article VI of The Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention").  *See* 9 U.S.C. § 201

---

[1] *See* NAFTA Chapter 11, Section A, attached hereto as Exhibit A.  NAFTA Article 1122(1) provides that "[e]ach party consents to the submission of a claim to arbitration in accordance with the procedures set out in this Agreement."

[2] Because neither Mexico nor Canada is a member of the International Convention on the Settlement of Investment Disputes (the "ICSID Convention"), Thunderbird brought its case under the UNCITRAL Arbitration Rules.

[3] Under NAFTA Article 1139, "disputing party" means "a party against which a claim is made under Section B."  Thunderbird made its claims against Mexico under NAFTA Chapter 11, Section B.  Mexico, therefore, is a "disputing party" for purposes of NAFTA Article 1136's requirement regarding the finality and enforcement of arbitration awards.

(incorporating the New York Convention into U.S. law). Under the New York Convention Article V(1)(e), "[r]ecognition and enforcement of the award may be refused . . . if . . . [t]he award has not yet become binding on the parties. . . ." And the provisions of the New York Convention "shall not affect the validity of multilateral or bilateral agreements concerning the recognition and enforcement of arbitral awards entered into by the Contracting States nor deprive any interested party any right he may have to avail himself of an arbitral award in the manner and to the extent allowed by the . . . treaties of the country where such award is sought to be relied upon." New York Convention, Article VII (1).

On February 14, 2007, this Court entered judgment denying Thunderbird's petition to vacate the arbitration award and granting Mexico's motion to confirm the award. On March 8, 2007, Thunderbird filed its notice of appeal of the February 14, 2007 judgment. Pursuant to Fed. R. Civ. P. 69(a), Mexico subsequently served on Thunderbird its First Set of Interrogatories In Aid of Execution, First Set of Document Requests In Aid of Execution and Rule 30(b)(6) Notice of Deposition. *See* Exhibit C. These discovery requests seek substantial information regarding Thunderbird's financial condition.

## ARGUMENT

### This Court Should Stay All Proceedings Undertaken Purportedly In Aid of Enforcement Because The Arbitration Award Is Not Yet Final

It is beyond question that a district court has the power to grant a stay of its own order pending the determination of an appeal of that order. *Ivor B. Clark Co., Inc. v. Hogan*, 296 F. Supp. 407, 409 (S.D.N.Y. 1969) (citations omitted). *See also Rakovich v. Wade*, 834 F.2d 673, 674 (7th Cir. 1987) ("[I]t has long been recognized that the trial court reserves the power to make orders appropriate to preserve the *status quo* while the appeal is pending.") (citations omitted).

Similarly, Fed. R. Civ. P. 26 grants the court broad authority to stay discovery. *E.g., Builders Assoc. of Greater Chicago v. City of Chicago*, 170 F.R.D. 435, 437 (N.D. Ill. 1996). Under Rule 26(c)(1)&(2), for good cause shown, the court may order that "discovery not be had," or may designate the time by which discovery may be had in order to protect a party from undue oppression, burden or expense.

3

Here, there is good cause to stay Mexico's attempt to prematurely enforce the arbitration award while this matter is on appeal to the District of Columbia Circuit, and to stay Mexico's exhaustive discovery propounded supposedly "in aid of execution" of the Court's order confirming the award. As noted above, by entering into NAFTA, Mexico expressly consented to the procedures set out in NAFTA Chapter 11, Section B. NAFTA Article 1122. In doing so, Mexico agreed that it may not seek enforcement of the arbitration award until a court has dismissed an application to set aside the award "and there is no further appeal." NAFTA Article 1136(3)(b)(ii). Because Thunderbird has appealed this Court's February 14, 2007 Order confirming the arbitration award, that award is not yet binding on Thunderbird and it is premature for Mexico now to begin proceedings aimed at enforcing it.

This Court is authorized to stay all proceedings in this matter, including the burdensome and costly discovery sought by Mexico in aid of enforcing an award not yet binding, pending a final decision of the District of Columbia Circuit. By doing so, the Court will be true to the NAFTA provisions agreed to by Mexico. *See, e.g., Volt Information Services, Inc. v. Bd. of Trustees of Leland Stanford Junior University*, 489 U.S. 468, 478 (1989) (Federal Arbitration Act's "passage 'was motivated, first and foremost, by a congressional desire to enforce agreements into which parties had entered'" and requires courts to enforce arbitration agreements in accordance with their terms.) (citations omitted); *Specialty Healthcare Management, Inc. v. St. Mary Parish Hosp.*, 220 F.3d 650, 654 (5th Cir. 2000) (same). And this will allow Thunderbird to avoid the undue burden and expense of responding to efforts to execute on an award that is not yet final and may very well be vacated.

## **CONCLUSION**

For the foregoing reasons, petitioner International Thunderbird Gaming Corporation respectfully requests that this Court stay all proceedings in this matter and order that any discovery served purportedly in aid of enforcement of the arbitration award not be had while this Court's February 14, 2007 Order is on appeal before the District of Columbia Circuit Court of Appeals.

Respectfully submitted,

Date:  May 7, 2007

/s/ Christopher W. Mahoney
Christopher W. Mahoney (D.C. Bar No. 394416)
Duane Morris LLP
1667 K Street, NW  Suite 700
Washington, DC 20006
Telephone:  (202) 776-7867
Facsimile:   (202) 776-7801


/s/ James D. Crosby
James D. Crosby
13400 Sabre Springs Parkway, Suite 200
San Diego, California 92128
Telephone: (858) 486-0085
Facsimile:  (858) 486-2838


Attorneys for Petitioner
International Thunderbird Gaming Corporation

DM1\1109591.1

5