IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In the Matter of the Arbitration under the North American Free Trade Agreement (NAFTA) between<br><br>INTERNATIONAL THUNDERBIRD GAMING CORPORATION,<br><br>      Petitioner,<br><br>vs.<br><br>THE UNITED MEXICAN STATES,<br>Represented by the Secretaria de Economía<br>Alfonso Reyes No. 30<br>Col. Condesa<br>06179 Mexico D.F.<br>Mexico<br><br>      Respondent. | Case No.: 1:06-cv-000748 (HHK) |

**RESPONDENT UNITED MEXICAN STATES' OPPOSITION TO PETITIONER INTERNATIONAL THUNDERBIRD GAMING CORPORATION'S MOTION TO STAY EXECUTION OF JUDGMENT AND FOR PROTECTIVE ORDER**

The United Mexican States, by counsel and pursuant to LCvR 7, hereby respectfully opposes Petitioner International Thunderbird Gaming Corporation's Motion to Stay Execution of Judgment and for Protective Order.

The basis for this Opposition is set forth in the accompanying Memorandum of Points and Authorities. A Proposed Order has also been filed in support of this Opposition.

400570248v1

Dated: May 21, 2006          Respectfully Submitted,

PILLSBURY WINTHROP SHAW PITTMAN LLP

By:    /s/ Stephen E. Becker
        Stephan E. Becker (D.C. Bar No. 366676)
        Anne E. Langford (D.C. Bar No. 492271)

        2300 N Street, N.W.
        Washington, D.C. 20037
        (202) 663-8000

        Counsel for United Mexican States

400570248v1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In the Matter of the Arbitration under the North American Free Trade Agreement (NAFTA) between<br><br>INTERNATIONAL THUNDERBIRD GAMING CORPORATION,<br><br>                        Petitioner,<br>vs.<br><br>THE UNITED MEXICAN STATES,<br>Represented by the Secretaria de Economía<br>Alfonso Reyes No. 30<br>Col. Condesa<br>06179 Mexico D.F.<br>Mexico<br><br>                        Respondent. | Case No.: 1:06-cv-000748 (HHK) |

**RESPONDENT UNITED MEXICAN STATES' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS OPPOSITION TO PETITIONER INTERNATIONAL THUNDERBIRD GAMING CORPORATION'S MOTION TO STAY EXECUTION OF JUDGMENT AND FOR PROTECTIVE ORDER**

This Memorandum of Points and Authorities is submitted in support of the United Mexican States' Opposition to the Motion of Petitioner International Thunderbird Gaming Corporation ("Thunderbird") for a stay of execution of judgment and for a protective order.

As discussed below, Thunderbird can obtain an automatic stay of enforcement of the judgment simply by filing with the Court a supersedeas bond pursuant to Federal Rule of Civil Procedure 62(d), but it has elected not to do so. By its motion, Thunderbird asks this Court for a wholly unsecured stay without providing any assurances that the delay would not prejudice the

Mexican Government's ability ultimately to collect the money due it. Meanwhile, Thunderbird, which has incurred substantial liabilities to third parties in other legal proceedings, has recently shifted its place of incorporation to the British Virgin Islands, triggering concerns that it may be seeking to avoid its responsibilities under the law. The Court should not assist Thunderbird in skirting its obligations to respond to discovery requests under Federal Rule of Civil Procedure 69 or in avoiding its obligation to pay the judgment resulting from the arbitration and this Court's February 14, 2007 ruling.

## FACTS

Thunderbird initiated the underlying arbitration against the Mexican Government pursuant to a dispute settlement mechanism established under the North American Free Trade Agreement ("NAFTA"), seeking $30 million in damages for actions taken by the Mexican Government in closing illegal gambling casinos operated by subsidiaries that Thunderbird had established in Mexico. The arbitration was administered by the International Centre for the Settlement of Investment Disputes ("ICSID") under the ICSID's Additional Facility Arbitration Rules, and the official location of the arbitral proceeding was Washington, DC. The arbitration award was issued on January 26, 2006; the arbitration ruling rejected Thunderbird's claims and awarded the Mexican Government $1,252,862 for costs and legal fees. See In re Arbitration between Int'l Thunderbird Gaming Corp. v. United Mexican States, 473 F. Supp. 2d 80, 82-83 (D.D.C. 2007).

Subsequently, Thunderbird initiated a proceeding in this Court under the Federal Arbitration Act seeking to have the award vacated. In a decision dated February 14, 2007, this Court issued a Judgment rejecting Thunderbird's petition and granting the Mexican

2

Government's cross-motion for confirmation, recognition and enforcement of the award against Thunderbird. Id. at 86.

On March 8, 2007, Thunderbird filed a Notice of Appeal with the Court of Appeals for the D.C. Circuit. Thunderbird did not, however, file a supersedeas bond with the Court to obtain a stay of enforcement of the Judgment. On March 28, 2007, the Mexican Government, pursuant to Federal Rule of Civil Procedure 69, served on Thunderbird requests for discovery in aid of execution, including interrogatories, document requests, and a Rule 30(b)(6) notice of deposition.[1] The Mexican Government requested compliance with the standard 30-day deadline for responses to the document requests and interrogatories, and noticed the the deposition for May 22, 2007.

On April 19, 2007, counsel for Thunderbird contacted counsel for the Mexican Government and requested a two-week extension to respond to the discovery requests. The Mexican Government consented. However, Thunderbird's counsel did not indicate that Thunderbird was planning to resist the discovery requests entirely by filing a motion for a stay.

Notwithstanding that the Court has not issued a stay, Thunderbird failed to respond to the Mexican Government's discovery requests on the agreed-upon due date of May 11, 2007 (two weeks after the original due date), or at any time thereafter. Four days prior to the scheduled 30(b)(6) deposition, Thunderbird's counsel sent an email stating: "Given our pending motion for stay and for protective order, petitioner will not appear at the 30(b)(6) deposition noticed for 5/22." (May 18, 2007 email from C. Mahoney to S. Becker, attached at Exhibit 2 hereto). Apparently, Thunderbird has unilaterally determined that it is entitled to a stay until this Court rules on its motion.

---

[1] The cover letter transmitting the discovery requests, omitted from Thunderbird's attachment of the Mexican Government's discovery requests to its Motion, is attached at Exhibit 1 hereto.

3

According to information in Thunderbird's annual report for 2006 (Thunderbird now calls itself Thunderbird Resorts rather than International Thunderbird Gaming Corporation), the company has recently transferred its place of incorporation from Canada to the British Virgin Islands. (Excerpts from the Consolidated Financial Statements of Thunderbird Resorts, Inc., Section 1 ("Nature of Operations"), attached hereto at Exhibit 3). The annual report also indicates, among other financial difficulties, that the Canada Revenue Agency has assessed a penalty on Thunderbird of $880,000 for non-payment of taxes and that a judgment for $546,000 has been entered against Thunderbird in a separate civil lawsuit in California Superior Court in San Diego. (Excerpts from the Consolidated Financial Statements of Thunderbird Resorts, Inc., Section 15 ("Commitments and Contingencies"), attached hereto at Exhibit 3). The available information makes particularly urgent the Mexican Government's gathering of information in support of enforcement of the judgment.

## ARGUMENT

There are several reasons why Thunderbird's request for a stay should be rejected.

First, Thunderbird has not offered any explanation of why its request for a stay of enforcement should excuse it from responding to the Mexican Government's requests for discovery under Federal Rule of Civil Procedure 69. As described above, there are reasonable grounds to fear that Thunderbird is in the process of transferring its assets to offshore locations to evade enforcement. If there are further delays in obtaining discovery, the Mexican Government's ability to locate Thunderbird's assets is likely to be materially impaired. It is well-established that, pursuant to Federal Rule of Civil Procedure 62(d), "without giving supersedeas bond or unless ordered by the Court, the order is not stayed, even though an appeal

4

is pending." Fed. Prescription Serv., Inc. v. Am. Pharm. Ass'n, 636 F.2d 755, 758 (D.C. Cir. 1980). Thunderbird's decision not to respond to properly-issued discovery is unsupportable.

Second, the only legal justification Thunderbird cites for its extraordinary request is NAFTA Article 1136(3)(b). However, the NAFTA is an international agreement and it has no effect under domestic U.S. law. Congress made that point clear when it enacted Section 102(c) of the NAFTA Implementation Act, which provides:

> (c) EFFECT OF AGREEMENT WITH RESPECT TO PRIVATE REMEDIES.—
> No person other than the United States—
>
> > (1) shall have any cause of action or defense under—
> >
> > > (A) the Agreement [NAFTA] or by virtue of Congressional approval thereof ....

19 U.S.C. § 3312(c). Accordingly, Congress expressly prohibited reliance on the NAFTA as Thunderbird is seeking to do here.

Indeed, the Statement of Administrative Action ("SAA"), a document submitted by the President to Congress with the NAFTA and the NAFTA Implementation Act, states that Article 1136(4):

> . . . requires each Party to provide for enforcement of an award in its territory. The Federal Arbitration Act (9 U.S.C. 1 *et seq.*) satisfies the requirement for the enforcement of non-ICSID awards in the United States.

H.R. Doc. No. 103-159, p. 597 (1993). (SAA, excerpts attached as Exhibit 4 hereto). Thus, the President and Congress believed that the existing U.S. laws on the enforcement of arbitration awards fully satisfied the international obligations of the United States under the NAFTA, and for that reason no modifications were made to the procedures for appealing and enforcing awards. Accordingly, NAFTA has no applicability to the Mexican Government's requests for discovery in aid of execution, and any effort by Thunderbird to obtain a stay of proceedings to

5

enforce a judgment is governed by the existing rules of U.S. law applicable to obtaining such a stay.

Third, Rule 62 of the Federal Rules of Civil Procedure sets out the applicable procedures to obtain an automatic stay of proceedings. (The U.S. District Court for the District of Columbia does not have a local rule that modifies or supplements the Federal Rule.) Federal Rule of Civil Procedure 62(d) provides as follows:

> Rule 62. Stay of Proceedings To Enforce a Judgment
>
> (d) STAY UPON APPEAL. When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay subject to the exceptions contained in subdivision (a) of this rule. The bond may be given at or after the time of filing the notice of appeal or of procuring the order allowing the appeal, as the case may be. The stay is effective when the supersedeas bond is approved by the court.

This is the only provision in Rule 62 that is potentially relevant to Thunderbird's situation. Under paragraph (d), it can obtain an automatic stay of enforcement at any time by filing a supersedeas bond for the amount of the judgment.

The facts highlighted above regarding Thunderbird's recent change of place of incorporation, coupled with its difficulties with tax authorities and other legal proceedings, demonstrate why Thunderbird must be required to post a supersedeas bond. As the United States Court of Appeals for the District of Columbia Circuit has noted:

> The purpose of the supersedeas bond is to secure the appellee from loss resulting from the stay of execution. Because the stay operates for the appellant's benefit and deprives the appellee of the immediate benefits of his judgment, a full supersedeas bond should be the requirement in normal circumstances, such as where there is some reasonable likelihood of the judgment debtor's inability or unwillingness to satisfy the judgment in full upon ultimate disposition of the case and where posting adequate security is practicable.

Fed. Prescription Serv., Inc. v. Am. Pharm. Ass'n, 636 F.2d 755, 760 (D.C. Cir. 1980). This is precisely such a case, and the Mexican Government's interest in ultimate recovery would be endangered by entertaining Thunderbird's completely unsupported request for an unsecured stay

6

under these circumstances. Because Thunderbird has failed to demonstrate that the unsecured stay it seeks will not harm the Mexican Government, it has failed to meet the "stringent standards required for a stay pending appeal." Am. Energy Restaurant Equipment, Inc. v. Camus, No. 02-7089, 2003 U.S. App. LEXIS 4056 (D.C. Cir. Mar. 6, 2003) (denying motion to stay enforcement of judgment).

In support of its argument that the Court has unlimited discretion to issue a stay without requiring security, Thunderbird cites two irrelevant cases. In Ivor B. Clark Co., Inc. v. Hogan et al., 296 F. Supp. 407 (S.D.N.Y. 1969), the court ordered a stay of enforcement of its judgment pending appeal, on the condition that the appellant post a supersedeas bond for the full amount of the judgment, plus 11% to cover interest and damages for delay. In Rakovich v. Wade et al., 824 F.2d 673 (7th Cir. 1987), the court simply held that a request for stay must first be made to the district court before seeking such a stay from the court of appeals. Neither case supports Thunderbird's unusual request for an unsecured stay.

Finally, Thunderbird asserts that the discovery requests are "burdensome." But the Mexican Government has only asked for information regarding Thunderbird's financial circumstances and assets, which can be readily answered by its financial controller. Thunderbird's initiation of this new legal proceeding undoubtedly required much more effort than would responding to the Mexican Government's discovery requests.

The award in the underlying arbitration was issued almost one and one half years ago, and the Court's Judgment was issued in February of this year. There are well-established procedures under the Federal Rules of Civil Procedure for obtaining a stay of enforcement, which Thunderbird has failed to follow; it has further failed to articulate any legally-cognizable

7

alternative reason for its request for an unsecured stay. Thunderbird should not be allowed to abuse judicial process to delay the fulfillment of its responsibilities.

## CONCLUSION

For the foregoing reasons, the Government of Mexico respectfully requests that the Court deny Thunderbird's Motion to Stay Execution of Judgment and for a Protective Order.

Dated:  May 21, 2007

Respectfully Submitted,

PILLSBURY WINTHROP SHAW PITTMAN LLP

By: /s/ Stephan E. Becker
Stephan E. Becker (D.C. Bar No. 366676)
Anne E. Langford (D.C. Bar No. 492271)
2300 N Street, N.W.
Washington, D.C.  20037
(202) 663-8000
Counsel for United Mexican States

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of May, 2007, the Respondent United Mexican States' Opposition to Petitioner International Thunderbird Gaming Corporation's Motion to Stay Execution of Judgment and for Protective Order, Memorandum of Points and Authorities in Support thereof, Proposed Order, and accompanying Exhibits were served via first class mail, postage prepaid, on the following:

        Christopher W. Mahoney
        DUANE MORRIS LLP
        1667 K Street, N.W. Suite 700
        Washington, DC 20006

        James D. Crosby
        Attorney at Law
        13400 Sabre Springs Parkway, Suite 200
        San Diego, CA 92128

        /s/ Stephan E. Becker
        Stephan E. Becker