# EXHIBIT 4

103d Congress, 1st Session – – – – – – – House Document 103–159, Vol. 1

# NORTH AMERICAN FREE TRADE AGREEMENT, TEXTS OF AGREEMENT, IMPLEMENTING BILL, STATEMENT OF ADMINISTRATIVE ACTION, AND REQUIRED SUPPORTING STATEMENTS

## MESSAGE

FROM

# THE PRESIDENT OF THE UNITED STATES

TRANSMITTING

NORTH AMERICAN FREE TRADE AGREEMENT, TEXTS OF AGREEMENT, IMPLEMENTING BILL, STATEMENT OF ADMINISTRATIVE ACTION AND REQUIRED SUPPORTING STATEMENTS



NOVEMBER 4, 1993.—Message and accompanying papers referred to the Committees on Ways and Means, Agriculture, Banking, Finance and Urban Affairs, Energy and Commerce, Foreign Affairs, Government Operations, the Judiciary, and Public Works and Transportation and ordered to be printed

U.S. GOVERNMENT PRINTING OFFICE
73–806                   WASHINGTON : 1993

For sale by the U.S. Government Printing Office
Superintendent of Documents, Mail Stop: SSOP, Washington, DC 20402-9328

597

Articles 1131 and 1132 address the substantive law to be applied in arbitral proceedings. Article 1131(1) provides that arbitral tribunals are to decide questions in accordance with the NAFTA and applicable international law rules. Article 1131(2) makes binding on NAFTA arbitration tribunals any interpretation of the Agreement by the Free Trade Commission established under Article 2001.

Under Article 1132, a Party's defense that an alleged breach falls within the scope of a reservation set forth in a NAFTA annex must be referred to the Commission, and any decision it makes on the issue will be binding on the tribunal. If the Commission does not make a decision within sixty days, however, the question is referred back to the tribunal.

Under Article 1133, a tribunal may seek advice from experts on environmental, health, safety or other scientific matters under certain conditions. Article 1137(3) provides that a country cannot assert, as a defense or set-off, that the investor has been compensated for its losses by insurance or similar means.

Article 1137(2), read together with Annex 1137.2, requires each NAFTA government to designate in its official register the agency to which notices and other arbitration documents are to be delivered. For the United States, this will be the Department of State.

f.  **Nature of Relief**

Under Article 1134, a tribunal may order interim protective measures to preserve existing rights of the disputants, including the preservation of evidence. A tribunal cannot, however, order attachment of assets or enjoin the government from applying any measure that is the subject of the dispute.

Article 1135 limits a final award to money damages or restitution, or a combination of both; awards of restitution must offer the alternative of paying damages. No punitive damages may be awarded.

g.  **Enforcement of Arbitral Awards**

Article 1136 sets forth rules governing enforcement of final awards. Paragraph one restates the traditional rule that an arbitral award has no precedential effect and is binding only on the particular disputants in the matter. Paragraph two obliges a disputant to abide by and comply with the award. Paragraph three provides a disputant the opportunity to seek revision or annulment of the award before enforcement may be sought.

Paragraph four requires each Party to provide for enforcement of an award in its territory. The Federal Arbitration Act (9 U.S.C. 1 *et seq.*) satisfies the requirement for the enforcement of non-ICSID awards in the United States. The Convention on the

598

Settlement of Investment Disputes Act of 1966 (22 U.S.C. 1650, 1650a) provides for the enforcement of ICSID awards.

In the event that a country does not comply with an award, paragraphs five and six provide that the investor's government may request a government-to-government arbitration panel under Article 2008 to consider the matter. The initiation of such proceedings would not prevent the investor from seeking enforcement of the award.

By declaring that claims submitted to NAFTA arbitration will be considered to arise out of a commercial relationship or transaction, paragraph seven satisfies prerequisites of the New York Convention and the Inter-American Convention on International Commercial Arbitration for the enforcement of awards under those agreements.

### h. Publication of Awards

Article 1137(4) and Annex 1137(4) govern the publication of awards. For arbitrations involving the United States or Canada, either disputant may make the award public; for arbitral proceedings involving Mexico, the applicable arbitration rules will govern.

## B. ACTION REQUIRED OR APPROPRIATE TO IMPLEMENT THE NAFTA

### 1. Implementing Bill

No change in statute will be required to implement the provisions of Chapter Eleven.

### 2. Administrative Action

Article 1108 permits the United States to exempt existing, non-conforming state government measures by including them in Annex I within two years after entry into force of the Agreement.

Under Article 1124, the three NAFTA governments must establish a 45-member roster of potential presiding arbitrators on the date of entry into force of the Agreement. The Administration will begin consulting with Canada and Mexico shortly on the development of the 45-member roster, and anticipates soliciting the advice of groups such as the American Arbitration Association and the International Chamber of Commerce.