IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In the Matter of the Arbitration under the North American Free Trade Agreement (NAFTA) between<br><br>INTERNATIONAL THUNDERBIRD GAMING CORPORATION,<br><br>                    Petitioner,<br>vs.<br><br>THE UNITED MEXICAN STATES,<br>Represented by the Secretaria de Economía<br>Alfonso Reyes No. 30<br>Col. Condesa<br>06179 Mexico D.F.<br>Mexico<br><br>                    Respondent. | Case No.: 1:06-cv-000748 (HHK) |

**RESPONDENT UNITED MEXICAN STATES' MOTION TO COMPEL
DISCOVERY AND FOR SANCTIONS AGAINST
PETITIONER INTERNATIONAL THUNDERBIRD GAMING CORPORATION**

The United Mexican States ("Mexico"), by counsel and pursuant to Fed. R. Civ. P. 37 and LCvR 7, hereby respectfully moves this Court for an order compelling International Thunderbird Gaming Corporation ("Thunderbird") to respond to interrogatories and document requests in aid of execution, to designate and make available a Fed. R. Civ. P. 30(b)(6) deponent, and to cause Thunderbird and its counsel to reimburse Mexico's expenses in making this Motion, including attorney's fees.

Mexico still awaits answers to discovery it initially issued on March 28, 2007, pursuant to Fed. R. Civ. P. 69. Specifically, following this Court's February 14, 2007 denial of Thunderbird's petition to vacate the award issued by a North American Free Trade Agreement

arbitral panel (and the grant of Mexico's cross-motion to confirm the same) (ECF Doc. No. 18), Mexico issued interrogatories, document requests, and a 30(b)(6) notice of deposition in aid of execution of that judgment.

All such discovery remains unanswered. Despite Mexico's repeated grants of extensions of time to answer this discovery, despite this Court's rejection of Thunderbird's request for a protective order (see ECF Doc. No. 23), and despite Mexico's repeated overtures to Thunderbird attempting to secure such discovery prior to bringing this dispute before this Court, to date Thunderbird has provided no response at all to any of Mexico's discovery. Accordingly, Mexico hereby asks that this Court cause Thunderbird to respond fully to Mexico's outstanding requests and cause Thunderbird and its counsel to pay Mexico's reasonable expenses incurred in making this Motion to Compel, including attorney's fees, pursuant to Fed. R. Civ. P. 37(a)(4)(A).

The bases for this Motion are set forth in the accompanying Memorandum of Points and Authorities. A Proposed Order has also been filed in support of this Motion.

Pursuant to LCvR 7(m) and Fed. R. Civ. P. 37, the undersigned hereby certifies that Mexico has in good faith attempted to confer with counsel for Thunderbird in an effort to secure the discovery in question without court action.

Dated: August 3, 2007                     Respectfully Submitted,

                                          PILLSBURY WINTHROP SHAW PITTMAN LLP

                                          By:    /s/ Stephan E. Becker
                                                 Stephan E. Becker (D.C. Bar No. 366676)
                                                 Anne E. Langford (D.C. Bar No. 492271)
                                                 2300 N Street, N.W.
                                                 Washington, D.C. 20037
                                                 (202) 663-8000
                                                 Counsel for United Mexican States

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In the Matter of the Arbitration under the North American Free Trade Agreement (NAFTA) between<br><br>INTERNATIONAL THUNDERBIRD GAMING CORPORATION,<br><br>        Petitioner,<br>vs.<br><br>THE UNITED MEXICAN STATES,<br>Represented by the Secretaria de Economía<br>Alfonso Reyes No. 30<br>Col. Condesa<br>06179 Mexico D.F.<br>Mexico<br><br>        Respondent. | Case No.: 1:06-cv-000748 (HHK) |

**RESPONDENT UNITED MEXICAN STATES'
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS
MOTION TO COMPEL DISCOVERY AND FOR SANCTIONS AGAINST
<u>INTERNATIONAL THUNDERBIRD GAMING CORPORATION</u>**

This Memorandum of Points and Authorities is submitted in support of the United Mexican States' Motion to Compel Discovery and for Sanctions against Petitioner International Thunderbird Gaming Corporation ("Motion to Compel"). Pursuant to Fed. R. Civ. P. 37, the United Mexican States ("Mexico") moves this Court for an order compelling International Thunderbird Gaming Corporation ("Thunderbird") to respond to interrogatories and document requests in aid of execution, to designate and make available a Fed. R. Civ. P. 30(b)(6) deponent,

and to cause Thunderbird and its counsel to reimburse Mexico's expenses in making this Motion, including attorney's fees.

## STATEMENT OF FACTS

In January 2006, a North American Free Trade Agreement (NAFTA) arbitral tribunal awarded Mexico approximately $1,250,000 for costs and legal fees following Thunderbird's failed attempt to challenge Mexico's closure of illegal gambling casinos that Thunderbird had established in Mexico. Thunderbird subsequently initiated the instant proceeding in this Court under the Federal Arbitration Act, seeking to have the award vacated. (ECF Doc. No. 1.) On February 14, 2007, this Court issued a Memorandum Opinion rejecting Thunderbird's petition; granting Mexico's Cross-Motion for Confirmation, Recognition and Enforcement of the Arbitral Award; and entering Judgment against Thunderbird. (ECF Doc. Nos. 17 and 18.)

On March 8, 2007, Thunderbird filed a Notice of Appeal with the United States Court of Appeals for the District of Columbia Circuit. Thunderbird did not, however, file a supersedeas bond pursuant to Fed. R. Civ. P. 62(d) to obtain a stay of enforcement of the Judgment pending the appeal. Thunderbird's failure to follow the procedures available to it allowed Mexico to pursue enforcement – a task made particularly urgent given recent troubling developments in Thunderbird's corporate situation, including a transfer of Thunderbird's place of incorporation to an offshore location and the imposition of governmental penalties and another civil judgment against it.[1] (Excerpts from the Consolidated Financial Statements of Thunderbird Resorts, Inc., Section 1 ["Nature of Operations"] and Section 15 ["Commitments and Contingencies"],

---

[1] According to information in its annual report for 2006, Thunderbird recently transferred its place of incorporation from Canada to the British Virgin Islands. (Excerpts from the Consolidated Financial Statements of Thunderbird Resorts, Inc., Section 1 ["Nature of Operations"], attached hereto at Exhibit 1.) The annual report also indicates, among other financial difficulties, that the Canada Revenue Agency has assessed a penalty on Thunderbird of $880,000 for non-payment of taxes and that a judgment for $546,000 has been entered against Thunderbird in a separate civil lawsuit in California Superior Court in San Diego. (Id. at Section 15 ["Commitments and Contingencies"], attached hereto at Exhibit 1.)

2

attached hereto at Exhibit 1.) These developments have prompted Mexico to fear that further delays in obtaining discovery could materially impair its ability to collect on the outstanding Judgment.

Therefore, on March 28, 2007, Mexico wrote to Thunderbird, simultaneously serving requests for discovery in aid of execution pursuant to Fed. R. Civ. P. 69. (March 28, 2007 letter with attachments from S. Becker to J. Crosby and C. Mahoney, attached hereto at Exhibit 2.) Specifically, Mexico served on Thunderbird interrogatories and document requests (for which it requested compliance with the standard 30-day deadline, setting the due date at April 27, 2007), and noticed a Fed. R. Civ. P. 30(b)(6) deposition for May 22, 2007. (Id.) All discovery requests focused on the subject matter of Thunderbird's financial circumstances and assets. (Id.)

On April 19, 2007, counsel for Thunderbird contacted counsel for Mexico by phone to request a two-week extension for its responses to the written discovery requests. (Declaration of Stephan E. Becker, attached hereto at Exhibit 3.) Mexico consented. (Id.) By this agreement, the interrogatory and document request responses would have been due on May 11, 2007 (two weeks after the original due date). (Id.) However, on May 7, 2007, Thunderbird's counsel filed in this Court a motion to stay execution of judgment, and a motion for a protective order. (ECF Doc. Nos. 20 and 21.) Four days prior to the scheduled 30(b)(6) deposition, counsel for Thunderbird informed counsel for Mexico by email that "Given our pending motion for stay and for protective order, petitioner will not appear at the Rule 30(b)(6) deposition noticed for 5/22." (May 18, 2007 email from C. Mahoney to S. Becker, attached hereto at Exhibit 4.)

On June 20, 2007, this Court denied Thunderbird's motions to stay the execution of judgment and for a protective order. (ECF Doc. No. 23.) Mexico immediately contacted counsel for Thunderbird to move discovery forward. By letter dated June 21, 2007, counsel for

3

Mexico referred Thunderbird to the interrogatories and document requests initially issued on March 28, 2007, and granted Thunderbird an extension until July 12, 2007 to provide responses. (June 21, 2007 letter with attachments from S. Becker to J. Crosby and C. Mahoney, attached hereto at Exhibit 5.) Mexico also attached to the letter a new 30(b)(6) Notice of Deposition, setting the date for the deposition at July 24, 2007. (Id.)

On July 9, 2007, Christopher Mahoney, counsel for Thunderbird, contacted counsel for Mexico, Stephan Becker, by telephone to request an extension of a due date related to Thunderbird's appeal to the United States Court of Appeals for the District of Columbia Circuit of the Court's decision in this case. (Declaration of Stephan E. Becker, attached hereto at Exhibit 3.) Mr. Mahoney stated that Thunderbird was working on the discovery responses, but that the 30(b)(6) witness lived in a foreign country and, for that reason, it would be necessary to reschedule the deposition to a date in August. (Id.) By email dated July 10, 2007, Mr. Becker responded to Mr. Mahoney's request, stating that Mexico would agree to the appeals court extension on several express conditions, including the condition that responses to the interrogatories and document requests in aid of execution be received by "the end of this week" – a due date in line with the Thursday, July 12 deadline. (July 10, 2007 email from S. Becker to J. Crosby and C. Mahoney, attached hereto at Exhibit 6.) In his email, Mr. Becker noted: "We are also prepared to work with you on the scheduling of the deposition in August rather than July, provided that we receive the responses to our interrogatories and document requests as discussed above." (Id.)

Later that same day, James Crosby, counsel for Thunderbird, asked Mr. Becker by telephone for an extension for the discovery responses as well. (Declaration of Stephan E. Becker, attached hereto at Exhibit 3.) When Mr. Becker informed him that no more extensions

4

for discovery could be given, Mr. Crosby stated that Thunderbird would likely forego its request for extension on the appeals court date. (Id.) During that conversation, Mr. Crosby contradicted Mr. Mahoney by indicating that Thunderbird was not yet working on responses to the discovery requests. (Id.) He stated that he would get back to Mr. Becker with Thunderbird's final answer to Mexico's offer (regarding granting a deadline extension in the appeals court action if Thunderbird would produce its discovery responses by a date certain), but never did. (Id.)

Thunderbird allowed the July 12, 2007 deadline for written discovery to pass without any explanation and without seeking leave of Court. On July 18, 2007, counsel for Mexico wrote to counsel for Thunderbird, informing them that Mexico was preparing a motion to compel and for sanctions. (July 18, 2007 letter from S. Becker to J. Crosby and C. Mahoney, attached hereto at Exhibit 7.) The letter offered Thunderbird a final chance to comply, stating: "If you can commit to delivering full (not evasive) responses to our interrogatories and document requests within the next few days, and to re-scheduling the deposition for a precise date in the near future, I invite you to contact me immediately." (Id.) On July 18, 2007, Mr. Crosby did respond – although purportedly only to "correct a misstatement in your letter" and to decry Mr. Becker's invocation of Rule 37. (July 18, 2007 letter from J. Crosby to S. Becker, attached hereto at Exhibit 8.) Notably, Mr. Crosby's letter was totally silent as to progress on preparing discovery responses, and failed to propose a new 30(b)(6) deposition date. (Id.)

Mr. Becker's final letter to Mr. Crosby, dated July 19, 2007, attempted to extend one last olive branch to counsel for Thunderbird: "As I indicated yesterday, I regret that we are being forced to seek an order to compel discovery and for sanctions. I would greatly prefer to avoid that course of action, but that depends on you and your client." (July 19 letter from S. Becker to J. Crosby, attached hereto at Exhibit 9.) Given the wholesale lack of response to this final

overture, and still completely empty-handed with regard to all of the discovery it issued at the end of March, Mexico has been forced to file this Motion.

## ARGUMENT

This Court has recognized that Rule 37(a) was designed "to protect courts and opposing parties from delaying or harassing tactics during discovery." In re Vitamins Antitrust Litig., Misc. No. 99-197 (TFH), MDL No. 1285, 2002 U.S. Dist. LEXIS 25799, at *24 (D.D.C. Jan. 15, 2002). This Court has routinely granted Fed. R. Civ. P. 37 motions to compel – and awarded sanctions – in analogous situations. The facts underlying the discovery dispute in Myrdal v. District of Columbia, for instance, are instructive. In Myrdal, the movant filed a motion to compel another party to answer an outstanding request for production of documents and interrogatories. The Court, in granting the motions and awarding sanctions under Fed. R. Civ. P. 37(a), stated:

> The Court will now address whether costs or other sanctions are appropriate for defendant Hawk One's failure to provide their answers to plaintiff's interrogatories and document production in a timely manner. Defendant Hawk One did not move at any time for an extension of the period to respond to plaintiff's discovery requests. Furthermore, plaintiff attempted on several occasions to compel defendant Hawk One to answer the request for production and the interrogatories prior to seeking court order to compel. . . . Moreover, defendant Hawk One did not provide any substantial justification for failing to answer either discovery request. Therefore, defendant Hawk One failed to meet its obligations under the Federal Rules of Civil Procedure and forced plaintiff to incur legal fees in filing [its motions to compel and its replies.]

Myrdal v. District of Columbia, Civ. A. No. 05-02351 (RCL), 2007 U.S. Dist. LEXIS 41220, at **11-12 (D.D.C. June 7, 2007).

Similarly, in In re Vitamins Antitrust Litigation, Misc. No. 99-197 (TFH), MDL No. 1285, 2002 U.S. Dist. LEXIS 25799, at **24-25 (D.D.C. Jan. 15, 2002), the noncompliant party

(named Tanabe) engaged in numerous discovery failings. It failed timely to answer interrogatories and document requests, and did not meet a series of self-imposed deadlines for production thereafter. Id. at *25. This Court decried as "[p]erhaps most egregious" the quality of Tanabe's responses, in that it denominated its initial responses to the plaintiffs' requests as "Informal" and did not provide sworn interrogatory answers with either production, despite the plain language of Rule 33(b). Id. Tanabe served corrected responses to certain discovery requests only after a Special Master hearing. Id. The Court criticized this behavior, noting: "If such tactics do not warrant sanctions, the Court is at a loss to fathom what actions would." Id. Accordingly, the Court required Tanabe to pay the movant's reasonable costs and attorney's fees. Id. at **25-26.

Similarly, Thunderbird has failed to produce interrogatories and document requests in a timely manner, and in addition, has failed also to produce a 30(b)(6) deponent. In fact, Thunderbird has failed to provide any discovery at all.[2] Thunderbird has never moved this Court for an extension to respond to the discovery. Mexico attempted repeatedly to obtain Thunderbird's compliance before involving this Court in the dispute. Moreover, Thunderbird has never provided any justification (let alone "substantial justification") for failing to respond. Such conduct certainly mandates the conclusion that Thunderbird has failed to meet its obligations under the Federal Rules of Civil Procedure and that Mexico is entitled – at long last – to receive discovery responses and, additionally, an award of sanctions against Thunderbird and its counsel.

---

[2] The In re Vitamins Antitrust Litigation Court sanctioned the non-movant, *inter alia*, for both the tardiness and the quality of its discovery responses. If shoddy and late answers merit sanctions, than a wholesale failure to respond at all should certainly command that relief.

This Court has recognized that "counsel [have] an affirmative duty to instruct clients of their responsibilities in responding to discovery. . . ." Lattimore v. Nw. Coop. Homes Ass'n, No. 90-0049, 1992 U.S. Dist. LEXIS 7442, at *7 (D.D.C. May 19, 1992) (finding that "counsel cannot be excused from responsibility for their own and their clients' conduct," and granting a motion for sanctions against both defendants and their former counsel). Further, in a case where this Court deemed inadequate a plaintiff's initial and revised responses to interrogatories and document requests, the Court noted that the "motion to compel was a direct result of plaintiffs' counsel's total disregard of his obligations under the Local and Federal Rules of Civil Procedure." Williams v. Johanns, 235 F.R.D. 116, 125 (D.D.C. 2006). The same can be said here. Following the July 18, 2007 communication from Mexico's counsel to Thunderbird's counsel which documented Thunderbird's continued tardiness in responding to discovery and stated that, without resolution, Mexico would be forced to compel the production (See Exhibit 7), Thunderbird's counsel answered only that he "will take your suggestions to my client and advise you accordingly." (See Exhibit 8.) Months late in producing discovery responses, counsel must do more than "suggest" compliance on the part of their clients.

Rule 37 requires, not merely allows, reimbursement of fees and costs incurred by having to make a successful motion to compel unless certain limited conditions are met. Fed. R. Civ. P. 37(a)(4)(A); see also Smith v. Mallick, 482 F. Supp. 2d 1, 2 (D.D.C. 2007). Given the behavior necessitating this motion (i.e., the wholesale non-response to interrogatories, document requests, and the failure to produce a deponent at two properly-noticed Fed. R. Civ. P. 30(b)(6) depositions), Mexico asks that this Court order both Thunderbird and its counsel to reimburse Mexico its reasonable expenses incurred in making this motion, including attorney's fees, pursuant to Fed. R. Civ. P. 37(a)(4)(A).

8

Thunderbird has flagrantly refused to comply with its discovery obligations despite Mexico's repeated grants of (now expired) extensions and despite Mexico's numerous overtures to Thunderbird's counsel. More than <u>four</u> <u>months</u> after Mexico's initial issuance of its discovery, Thunderbird's flouting of the rules of this Court should no longer be tolerated.

## CONCLUSION

For the foregoing reasons, the Government of Mexico respectfully requests that this Court grant the United Mexican States' Motion to Compel Discovery and for Sanctions against Petitioner International Thunderbird Gaming Corporation. As noted in the accompanying Proposed Order, Mexico moves this Court for an Order:

1. Compelling Thunderbird to:

    a). respond fully to The United Mexican States' First Set of Interrogatories in Aid of Execution to the International Thunderbird Gaming Corporation; and

    b). produce all documents responsive to The United Mexican States' First Set of Document Requests in Aid of Execution to the International Thunderbird Gaming Corporation; and

    c). designate a 30(b)(6) deponent, who shall be made available for a sworn deposition on a date mutually agreeable to the parties within forty days of the provision of interrogatory answers and documents referenced immediately above in items a) and b);

2. Ordering Thunderbird and its counsel to reimburse Mexico its reasonable expenses incurred in making this motion, including attorney's fees, pursuant to Fed. R. Civ. P. 37(a)(4)(A); and

3. Granting Mexico such other relief as this Court may deem appropriate.

Dated: August 3, 2007 Respectfully Submitted,

                                PILLSBURY WINTHROP SHAW PITTMAN LLP

By:   /s/ Stephan E. Becker
       Stephan E. Becker (D.C. Bar No. 366676)
       Anne E. Langford (D.C. Bar No. 492271)
       2300 N Street, N.W.
       Washington, D.C. 20037
       (202) 663-8000
       Counsel for United Mexican States

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of August, 2007, the United Mexican States' Motion to Compel Discovery and for Sanctions against Petitioner International Thunderbird Gaming Corporation ("Motion to Compel"), Memorandum of Points and Authorities in Support thereof, Proposed Order, and accompanying Exhibits were filed via this Court's ECF system and served via first class mail, postage prepaid, on the following:

> Christopher W. Mahoney
> DUANE MORRIS LLP
> 1667 K Street, N.W. Suite 700
> Washington, DC 20006
>
> James D. Crosby
> Attorney at Law
> 13400 Sabre Springs Parkway, Suite 200
> San Diego, CA 92128

> /s/ Stephan E. Becker
> Stephan E. Becker