# EXHIBIT  2



Pillsbury
Winthrop
Shaw
Pittman LLP

2300 N Street NW
Washington, DC 20037-1122

Tel 202.663.8000
Fax 202.663.8007
www.pillsburylaw.com

March 28, 2007

Stephan E. Becker
Phone: 202.663.8277
stephan.becker@pillsburylaw.com

VIA EMAIL AND FIRST CLASS MAIL

James Crosby, Esq.
13400 Sabre Springs Parkway
Suite 200
San Diego, CA 92128

Christopher W. Mahoney
Duane Morris LLP
1667 K Street, NW Suite 700
Washington, DC 20006

Re:    International Thunderbird Gaming Corporation v. United Mexican States

Dear Messrs. Crosby and Mahoney:

As you know, on February 14, 2007, the U.S. District Court for the District of Columbia rejected your petition to set aside the arbitration award issued against your client in favor of the Government of Mexico and granted our cross-motion for confirmation and enforcement of the award.

We are in receipt of the Notice of Appeal that you filed on March 8. However, you have not filed a supersedeas bond to obtain a stay of enforcement of the court's judgment under Federal Rule of Appellate Procedure 8 and Circuit Rule 8, and accordingly we intend to proceed expeditiously in enforcing the judgment while the appeal is pending.

James Crosby, Esq.
March 28, 2007
Page 2


To that end, enclosed are interrogatories, documents requests, and a Rule 30(b)(6)
Notice of Deposition to your client, all presented under the authority of Federal Rule of
Civil Procedure 69.

Sincerely yours,

Stephan E. Becker


Enclosures

cc:    Linda Pasquel Peart
       Alejandra Galaxia Treviño

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| In the Matter of the Arbitration under the North American Free Trade Agreement (NAFTA) between<br><br>INTERNATIONAL THUNDERBIRD GAMING CORPORATION,<br><br>                   Petitioner,<br>    vs.<br><br>THE UNITED MEXICAN STATES,<br><br>                  Respondent. | Case No.:  1:06-cv-000748 (HHK) |

### THE UNITED MEXICAN STATES'
### FIRST SET OF INTERROGATORIES IN AID OF EXECUTION TO THE
### INTERNATIONAL THUNDERBIRD GAMING CORPORATION

Respondent the United Mexican States, by counsel and pursuant to, *inter alia*, Federal

Rule of Civil Procedure 69, hereby submits its First Set of Interrogatories in Aid of Execution to

the International Thunderbird Gaming Corporation ("Interrogatories").  Sworn answers to these

Interrogatories must be served upon counsel for Respondent within thirty (30) days after service

of these Interrogatories.

### INSTRUCTIONS AND DEFINITIONS

    A.    These Interrogatories are continuing in nature.  Your response to these

Interrogatories must be supplemented as you obtain additional information affecting any of your

responses.

B.      If you cannot answer all or part of any interrogatory in full after exercising due diligence to secure the full information to do so, so state and answer to the extent possible, specifying your inability to answer the remainder, stating whatever information or knowledge you have concerning the unanswered portion, and detailing what you did in attempting to secure the unknown information.

C.      The term "identify" when used with respect to a person means to state: (1) the full name of the person, (2) his or her current business address and telephone number, (3) his or her present or last known employer and position, and (4) a description of his or her responsibilities.

D.      The term "identify" when used with respect to a document means to state, to the extent known: (1) the type of document (e.g., letter, memorandum), (2) its date or approximate date, (3) its author or authors, (4) its addressee or addressees, (5) its recipient or recipients, (6) its subject matter, (7) its present location or custodian (or in lieu thereof attach a copy of the document) and (8) if the document has been destroyed, state the circumstances under which the document was destroyed.

E.      The term "identify" when used with respect to a verbal communication, discussion or meeting means to state: (1) the type of communication, discussion or meeting (e.g., telephone conversation, face-to-face conversation, staff meeting), (2) its date or approximate date, (3) the identity of its participants or attendees, and (4) its general subject matter.

F.      The term "identify" when used with respect to a corporate entity means to state: (1) the name of the corporate entity; (2) the date and place of original incorporation; (3) the

current jurisdiction of incorporation and incorporation date, if different from the date and place of original incorporation.

G.    The term "identify" when used with respect to an asset or assets means to provide a listing of: (1) the type of asset; (2) the value of the asset; (3) the specific location of the asset (including, for example, account numbers and bank names/locations where such account(s) may be found; and (4) any other identifying information necessary to locate/situate the asset.

H.    The term "identify" when used with respect to a transaction means to state: (1) the nature of the transaction; (2) the transaction date; and (3) the reason for the transaction.

I.    The word "document(s)" means all written, printed, recorded or graphic matter, photographic matter, sound reproductions, or other retrievable data (whether recorded, taped, or coded electrostatically, electromagnetically or otherwise) from whatever source derived and however and by whomever prepared, produced, reproduced, disseminated or made; without limiting the generality of the foregoing, the word "document(s)" includes the original and any nonidentical copy and also every draft and proposed draft of all correspondence, memoranda, notes of meetings, telegrams, telexes, facsimiles, electronic mail, reports, transcripts or notes of telephone conversations, cards, diaries, notebooks, minutes, notes, tests, reports, analyses, studies, testimony, speeches, worksheets, maps, charts, diagrams, computer printouts, and any other writings or documentary material of any nature whatsoever, whether or not divulged to other parties, together with any attachments thereto and enclosures therewith.

3

J.     The term "concerning" means referring to, relating to, regarding, reflecting, discussing, constituting, mentioning, pertaining to, alluding to, describing, supporting, evidencing, or associated with.

K.     The words "you" or "your" include any and all past or present partners, employees, agents, representatives, attorneys, or other persons or entities acting or purporting to act for or on behalf of Petitioner International Thunderbird Gaming Corporation.

L.     The word "Petitioner" means International Thunderbird Gaming Corporation.

M.     The words "the Corporation" and "Thunderbird" mean International Thunderbird Gaming Corporation and all of its parents, subsidiaries, assigns, predecessors in interest, and successors in interest.

N.     The word "asset" includes, but is not limited to, checking, savings, and any other type of accounts; real estate; debts, notes, and/or judgments owed to you; mortgages owned by you against real estate owned by others; stocks, shares, or interests in any corporation, or unincorporated association or partnership of any type; government, municipal, or corporate bonds; safety deposit boxes; personal property; rental income; and/or motor vehicles.

O.     The use of the singular form of any word includes the plural, and vice versa.

## INTERROGATORIES

Please answer, in accordance with the foregoing instructions and definitions, the following Interrogatories:

INTERROGATORY NO. 1

Identify Thunderbird's assets (including real, personal, and other), both in the United States and abroad, as of the date of service of these Interrogatories, including (but not limited to) account numbers and balances for accounts held by or for the benefit of Thunderbird, with addresses for the banks in which such accounts are or were held.

INTERROGATORY NO. 2

Identify Thunderbird's assets as of one year preceding the date of service of these Interrogatories, both in the United States and abroad, including (but not limited to) account numbers and balances for accounts held by or for the benefit of Thunderbird, with addresses for the banks in which such accounts are or were held.

INTERROGATORY NO. 3

Identify Thunderbird's assets as of two years preceding the date of service of these Interrogatories, both in the United States and abroad, including (but not limited to) account numbers and balances for accounts held by or for the benefit of Thunderbird, with addresses for the banks in which such accounts are or were held.

INTERROGATORY NO. 4

Identify the current sources of income of the corporation, including (but not limited to) all contractual arrangements with foreign casinos under which Thunderbird is receiving payments for services rendered.

INTERROGATORY NO. 5

Please state the amount of Thunderbird's accounts receivable as of the date of service of these Interrogatories.

INTERROGATORY NO. 6

Identify all transactions in the two calendar years preceding the service date of these Interrogatories when Thunderbird has sold, conveyed, assigned, or disposed of any single asset or account receivable valued over $3,000 either by sale, gift, transfer, or otherwise.

INTERROGATORY NO. 7

Describe the reasons for all transactions identified in the preceding interrogatory.

INTERROGATORY NO. 8

Identify Thunderbird's subsidiaries, parents, assigns, predecessors in interest, and successors in interest and any other corporate entities related to Thunderbird.

INTERROGATORY NO. 9

Please identify the nature and amount of Thunderbird's specific ownership interests in other companies or businesses, including (but not limited to) all casino operations worldwide.

INTERROGATORY NO. 10

Identify (with specific reference to the definitions provided in the Instructions and Definitions section, above) Thunderbird's five single largest investors.

INTERROGATORY NO. 11

Identify each source of Thunderbird's income that, in any given calendar month in the year preceding the date of service of these Interrogatories, exceeded $5,000.

INTERROGATORY NO. 12

State the date and name of each person, corporation, institution, or government to whom you have furnished or exhibited any statement of your financial condition during the past five years.

INTERROGATORY NO. 13

To the extent not already identified in Interrogatory Nos. 1, 2, or 3 of these Interrogatories, state the full description and present location of and ownership of each asset or property shown on any financial statement identified in your answer to the preceding interrogatory. If any such asset or property is not currently owned by you, state the full details concerning its disposition by you, including to whom it went, when, and for what consideration, including the sale price, if any.

INTERROGATORY NO. 14

Identify by name and present address each person, corporation, other entity, or government with whom Thunderbird has engaged in any partnership, business enterprise, or business venture in the past two years.

INTERROGATORY NO. 15

State whether you have, within the two calendar years immediately preceding the date of service of these Interrogatories, destroyed or otherwise disposed of any books of account, memoranda or other records relating to Thunderbird's financial situation and financial matters, and identify the same.

INTERROGATORY NO. 16

Identify all assets that you currently hold or that are held for your benefit or on your behalf (including, but not limited to, personal and real property) that you claim are exempt by law from forced sale.

INTERROGATORY NO. 17

State all trade names and/or assumed names under which Thunderbird has done business during the two calendar years immediately preceding the date of service of these Interrogatories

and the complete address of each place where business under such trade and/or assumed names was conducted.

Dated:  March 28, 2007

PILLSBURY WINTHROP SHAW PITTMAN LLP

By:  _____

Stephan E. Becker (D.C. Bar No. 366676)
Anne E. Langford (D.C. Bar No. 492271)
2300 N Street, N.W.
Washington, D.C.  20037
(202) 663-8000

Counsel for the United Mexican States

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of March, 2007, the foregoing United Mexican States' First Set of Interrogatories in Aid of Execution to the International Thunderbird Gaming Corporation were served via email and via first class mail, postage prepaid, on the following:

Christopher W. Mahoney
DUANE MORRIS LLP
1667 K Street, N.W. Suite 700
Washington, DC 20006

James D. Crosby
Attorney at Law
13400 Sabre Springs Parkway, Suite 200
San Diego, CA 92128

Stephan E. Becker

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| In the Matter of the Arbitration under the North American Free Trade Agreement (NAFTA) between <br><br> INTERNATIONAL THUNDERBIRD GAMING CORPORATION, <br><br><div align=right>Petitioner,</div> vs. <br><br> THE UNITED MEXICAN STATES, <br><br><div align=right>Respondent.</div> | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Case No.:  1:06-cv-000748 (HHK) |

### THE UNITED MEXICAN STATES'
### FIRST SET OF DOCUMENT REQUESTS IN AID OF EXECUTION TO THE
### INTERNATIONAL THUNDERBIRD GAMING CORPORATION

Respondent the United Mexican States, by counsel and pursuant to, *inter alia*, Federal Rule of Civil Procedure 69, hereby submits its First Set of Document Requests in Aid of Execution to the International Thunderbird Gaming Corporation ("Requests"). Respondent asks that the originals (or true and correct copies, if the originals are unavailable) of documents responsive to the Requests be produced within thirty (30) days after service of these Requests. The documents should be produced to counsel for the United Mexican States, Stephan E. Becker and Anne E. Langford, at 2300 N Street, NW, Washington, DC 20037, or at such other time or place as may be agreed upon by counsel or ordered by the court.

## INSTRUCTIONS AND DEFINITIONS

A.    These Requests are continuing in nature.  Responsive documents that you obtain or discover after your initial response and production must be produced promptly by supplemental production.

B.    If you contend that you are entitled to withhold from production the whole or any part of any responsive documents on the basis of the attorney-client privilege, the work product doctrine, or other grounds, for each such document:

- describe the nature of the document (e.g., letter, memorandum);
- state the date of the document;
- identify the sender, author, and all recipients of the document;
- summarize the subject matter of the document;
- state the basis on which you contend you are entitled to withhold the document from production.

C.    If an objection is made to any request herein, all documents covered by the request not subject to the objection should be produced.  Similarly, if an objection is made to production of a document, the portion(s) of that document not subject to objection should be produced with the portion(s) objected to deleted and indicated clearly.

D.    You must produce all responsive documents as they are ordinarily kept, or you must organize the documents to correspond with the categories in this request.

E.    The term "concerning" means referring to, relating to, regarding, reflecting, discussing, constituting, mentioning, pertaining to, alluding to, describing, supporting, evidencing, or associated with.

F.      The term "communication(s)" means the transmittal of information by any means. This includes but is not limited to any oral, verbal, written, or other exchange between two or more individuals/entities on any topic, for example through conversations (in-person, telephonic, or otherwise) or exchanges in writing (transmitted via any method, including email, letter, facsimile, or otherwise).

G.      The word "document(s)" means all written, printed, recorded or graphic matter, photographic matter, sound reproductions, or other retrievable data (whether recorded, taped, or coded electrostatically, electromagnetically or otherwise) from whatever source derived and however and by whomever prepared, produced, reproduced, disseminated or made; without limiting the generality of the foregoing, the word "document(s)" <u>includes the original and any</u> <u>nonidentical copy and also every draft and proposed draft</u> of all correspondence, memoranda, notes of meetings, telegrams, telexes, facsimiles, electronic mail, reports, transcripts or notes of telephone conversations, diaries, notebooks, minutes, notes, tests, reports, analyses, studies, testimony,  speeches, worksheets, maps, charts, diagrams, computer printouts, and any other writings or documentary material of any nature whatsoever, whether or not divulged to other parties, together with any attachments thereto and enclosures therewith.

H.      The term "concerning" means referring to, relating to, regarding, reflecting, discussing, constituting, mentioning, pertaining to, alluding to, describing, supporting, evidencing, or associated with.

I.      The words "you" or "your" include any and all past or present partners, employees, agents, representatives, attorneys, or other persons or entities acting or purporting to act for or on behalf of Petitioner International Thunderbird Gaming Corporation.

3

J.      The word "Petitioner" means International Thunderbird Gaming Corporation.

K.      The words "the Corporation" and "Thunderbird" mean International Thunderbird Gaming Corporation and all of its parents, subsidiaries, assigns, predecessors in interest, and successors in interest.

L.      The word "asset" includes, but is not limited to, checking, savings, and any other type of accounts; real estate; debts, notes, and/or judgments owed to you; mortgages owned by you against real estate owned by others; stocks, shares, or interests in any corporation, or unincorporated association or partnership of any type; government, municipal, or corporate bonds; safety deposit boxes; personal property; rental income; and/or motor vehicles.

M.      The use of the singular form of any word includes the plural, and vice versa.

N.      If there are no documents responsive to any Request set forth below, state that there are no responsive documents.

## DOCUMENT REQUESTS

Please produce, in accordance with the foregoing instructions and definitions, the following documents:

REQUEST NO. 1

All documents identified in, discussed in, or referred to in the United Mexican States' First Set of Interrogatories in Aid of Execution to the International Thunderbird Gaming Corporation.

REQUEST NO. 2

All documents relied upon in responding to the United Mexican States' First Set of Interrogatories in Aid of Execution to the International Thunderbird Gaming Corporation, or that support Thunderbird's responses to the same.

REQUEST NO. 3

To the extent not already produced in response to Requests No. 1 or 2, all income tax returns filed and/or prepared by or on behalf of Thunderbird for the five years immediately preceding the issuance of these Requests.

REQUEST NO. 4

To the extent not already produced in response to Request No. 1 or 2, all financial statements filed and/or prepared by or on behalf of Thunderbird for the five years immediately preceding the issuance of these Requests.

REQUEST NO. 5

To the extent not already produced in response to Request No. 1 or 2, all contracts that currently do, or in the future will, entitle Thunderbird to the receipt of income or assets.


Dated:  March 28, 2007

PILLSBURY WINTHROP SHAW PITTMAN LLP

By: 

Stephan E. Becker (D.C. Bar No. 366676)
Anne E. Langford (D.C. Bar No. 492271)
2300 N Street, N.W.
Washington, D.C.  20037
(202) 663-8000

Counsel for the United Mexican States

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of March, 2007, the foregoing United Mexican

States' First Set of Document Requests in Aid of Execution to the International Thunderbird

Gaming Corporation were served via email and first class mail, postage prepaid, on the

following:

Christopher W. Mahoney
DUANE MORRIS LLP
1667 K Street, N.W. Suite 700
Washington, DC 20006

James D. Crosby
Attorney at Law
13400 Sabre Springs Parkway, Suite 200
San Diego, CA 92128

Stephan E. Becker

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| In the Matter of the Arbitration under the North American Free Trade Agreement (NAFTA) between <br><br> INTERNATIONAL THUNDERBIRD GAMING CORPORATION, <br><br>        Petitioner, <br><br> vs. <br><br> THE UNITED MEXICAN STATES, <br><br>        Respondent. | Case No.: 1:06-cv-000748 (HHK) |

## RULE 30(b)(6) NOTICE OF DEPOSITION

Please take notice that, pursuant to the Federal Rules of Civil Procedure, including Rule 69 thereof, Respondent, the United Mexican States, will take the Rule 30(b)(6) deposition of International Thunderbird Gaming Corporation ("Thunderbird"), or a person or persons designated by Thunderbird upon oral examination, recorded by stenographic means, before an officer authorized by law to administer oaths and record testimony. Such deposition will commence on May 22, 2007, at 9:00 a.m. at the offices of Pillsbury Winthrop Shaw Pittman, 2300 N Street, NW, Washington, DC 20037, or at a time and place agreed upon between counsel for the parties, and continuing from day to day until completed.

Pursuant to Rule 30(b)(6), Thunderbird shall designate the most knowledgeable person or persons to testify on its behalf as to the following subject matter:

  1. Specifics regarding the precise locations and amounts of Thunderbird's assets, and the assets of its subsidiaries including, but not limited to, information

regarding the location, identifying information, and value as of the date of the deposition of all bank accounts, securities, real estate, and personal property held by or for the benefit of Thunderbird.

2. The sources of income of the corporation, including (but not limited to) all contractual arrangements with foreign casinos under which Thunderbird is receiving payments for services rendered.

3. Information on the present amount of Thunderbird's accounts receivable.

4. Information on if at any time in the past two years Thunderbird has sold, conveyed, assigned, or disposed of any assets either by sale, gift, transfer, or otherwise, and the specific date, nature of, and reasons for such transactions.

5. Information on Thunderbird's corporate structure, including regarding its place of incorporation (and any changes thereto in the past two years), and identification of its subsidiaries, parents, and related corporations.

6. Information on all subjects addressed in The United Mexican States' First Set of Interrogatories in Aid of Execution to the International Thunderbird Gaming Corporation and The United Mexican States' First Set of Document Requests in Aid of Execution to the International Thunderbird Gaming Corporation (or Thunderbird's responses thereto), both served on March 28, 2007.

Dated:  March 28, 2007

PILLSBURY WINTHROP SHAW PITTMAN LLP

By:    _____
       Stephan E. Becker (D.C. Bar No. 366676)
       Anne E. Langford (D.C. Bar No. 492271)
       2300 N Street, N.W.
       Washington, D.C.  20037
       (202) 663-8000

       Counsel for the United Mexican States

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of March, 2007, the foregoing Rule 30(b)(6) Notice of Deposition was served via email and via first class mail, postage prepaid, on the following:

Christopher W. Mahoney
DUANE MORRIS LLP
1667 K Street, N.W. Suite 700
Washington, DC 20006

James D. Crosby
Attorney at Law
13400 Sabre Springs Parkway, Suite 200
San Diego, CA 92128

Stephan E. Becker