**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| In the Matter of the Arbitration under the North American Free Trade Agreement (NAFTA) between<br><br>INTERNATIONAL THUNDERBIRD GAMING CORPORATION,<br><br>                 Petitioner,<br>   vs.<br><br>THE UNITED MEXICAN STATES,<br>Represented by the Secretaria de Economía<br>Alfonso Reyes No. 30<br>Col. Condesa<br>06179 Mexico D.F.<br>Mexico<br><br>                 Respondent. | Case No.: 1:06-cv-000748 (HHK)(AK) |

**RESPONDENT UNITED MEXICAN STATES' REPLY IN SUPPORT OF ITS MOTION TO COMPEL DISCOVERY AND FOR SANCTIONS AGAINST PETITIONER INTERNATIONAL THUNDERBIRD GAMING CORPORATION**

The United Mexican States ("Mexico") hereby respectfully submits this Reply in support of its Motion to Compel Discovery and for Sanctions Against Petitioner International Thunderbird Gaming Corporation ("Thunderbird").

Thunderbird's Opposition seeks to make a virtue of its complete refusal to comply with basic discovery requests and the failure of its counsel to communicate regarding discovery, despite repeated requests by Mexico. In fact, as discussed below, the Opposition submits as exhibits formerly attorney-client-privileged emails between Thunderbird and its counsel that confirm that Thunderbird decided not to comply, fully expecting that Mexico would file the instant motion.

There is no dispute regarding the relevant facts:

- On March 28, 2007, Mexico served Thunderbird with requests for discovery in aid of execution pursuant to Fed. R. Civ. P. 69. The discovery included interrogatories and document requests, for which the due date was set for 30 days hence (April 27, 2007). On March 28, 2007, Mexico also noticed a Fed. R. Civ. P. 30(b)(6) deposition for May 22, 2007. (See March 28, 2007 letter from S. Becker to J. Crosby and C. Mahoney with accompanying discovery requests, Ex. 2 to Respondent United Mexican States' Motion to Compel Discovery and for Sanctions Against Petitioner International Thunderbird Gaming Corporation (hereinafter "Mexico's Motion to Compel").)

- On April 19, 2007, counsel for Thunderbird contacted counsel for Mexico by telephone to request a two-week extension for the responses to the written discovery requests. Mexico consented in good faith. However, on May 7, 2007, instead of providing responses to the discovery requests, and without advance notice to Mexico, Thunderbird filed a motion to stay execution of judgment and a motion for a protective order. (Declaration of Stephan E. Becker (hereinafter "Becker Decl."), Ex. 3 to Mexico's Motion to Compel; Thunderbird's Motion to Stay Execution of Judgment and for Protective Order, ECF Doc. No. 20.)

- On June 20, 2007, this Court denied Thunderbird's motion. (ECF Doc. No. 23.)

- By letter dated June 21, 2007, counsel for Mexico referred Thunderbird to the interrogatories and document requests initially issued on March 28, 2007, and on its own initiative gave Thunderbird an extension until July 12, 2007 to provide responses. Mexico also sent a new Rule 30(b)(6) Notice of Deposition, setting the date for the deposition at July 24, 2007. (June 21, 2007 letter from S. Becker to J. Crosby and C. Mahoney with accompanying Rule 30(b)(6) Notice of Deposition, Ex. 5 to Mexico's Motion to Compel.)

- On July 9, 2007, Christopher Mahoney, Thunderbird's local Washington, D.C. counsel, contacted counsel for Mexico by telephone to request an extension of a due date set by the U.S. Court of Appeals for the District of Columbia Circuit for Thunderbird's brief in an appeal initiated by Thunderbird. During that call, Mr. Mahoney represented that Thunderbird was in process of preparing responses to the discovery requests and that due to the Rule 30(b)(6) witness's location in a foreign country, the witness would be made available in August. (Becker Decl., Ex. 3 to Mexico's Motion to Compel.)

- The following day, July 10, Mr. Becker sent an email to both Mr. Mahoney and Thunderbird's other counsel, James Crosby, responding that Mexico would be prepared to grant the extension requested by Thunderbird for its appellate brief if it would commit to responding to the written discovery requests in accordance with Mexico's June 21 communication, and that Mexico would be flexible regarding the scheduling of the deposition. (July 10, 2007 email from S. Becker to J. Crosby and C. Mahoney, Ex. 6 to Mexico's Motion to Compel.)

- Mr. Crosby contacted Mr. Becker by telephone later that same day, and among other statements contradicted Mr. Mahoney by indicating that Thunderbird was not preparing responses to the discovery requests and that the deposition witness was located in the United States. Mr. Crosby stated that he would get back to Mr. Becker regarding Mexico's offer to agree to the extension for the appellate brief if Thunderbird complied with the discovery requests, but he did not do so. (Becker Decl., Ex. 3 to Mexico's Motion to Compel; July 18, 2007 letter from S. Becker to J. Crosby and C. Mahoney, Ex. 7 to Mexico's Motion to Compel; July 19, 2007 letter from S. Becker to J. Crosby, Ex. 9 to Mexico's Motion to Compel.)

- On July 11, 2007, Thunderbird sent an email to Mr. Mahoney (disclosed for the first time as an exhibit to Thunderbird's Opposition), stating:

  > I apologize for the lack of communication.... There is no possible way that I will have responses on the interrogatories by July 12 nor will we produce the person most knowledgeable for a deposition. [Redacted.] For the time being, <u>Becker just needs to do what he wants to do to compel discovery</u>.

  (July 11, 2007, Email from A. Attalah to J. Crosby and C. Mahoney, Ex. 4 to Petitioner International Thunderbird Gaming Corporation's Opposition to Respondent United Mexican States' Motion to Compel Discovery and for Sanction (hereinafter "Thunderbird's Opposition")) (emphasis added.)

- Thunderbird allowed the July 12, 2007 deadline for written discovery to pass without contacting Mexico and without seeking leave of the Court.

- Having heard nothing from Thunderbird's counsel, on July 18, 2007, counsel for Mexico wrote to inform them that Mexico was preparing a motion to compel and for sanctions. The letter stated "If you can commit to delivering full (not evasive) responses to our interrogatories and document requests within the next few days, and to re-scheduling the deposition for a precise date in the near future, I invite you to contact me immediately." (July 18, 2007 letter from S. Becker to J. Crosby and C. Mahoney, Ex. 7 to Mexico's Motion to Compel.)

- Mr. Crosby responded by letter that same day, but only to state that Thunderbird did not have a 30(b)(6) witness located in the United States and to scold Mr. Becker for suggesting that Thunderbird's attorneys could be sanctioned under Rule 37. Mr. Crosby's letter said nothing about whether Thunderbird would comply with the discovery requests, other than to state he would consult with Thunderbird regarding Mr. Becker's "suggestions" and get back to him. (July 18, 2007 letter from J. Crosby to S. Becker, Ex. 5 to Mexico's Motion to Compel.) Once again, he did not get back to Mr. Becker.

- On July 19, 2007, Mr. Becker sent another letter to Messrs. Crosby and Mahoney noting that Mr. Crosby's letter had not addressed compliance with the discovery requests, and which concluded: "As I indicated yesterday, I regret that we are

being forced to seek an order to compel discovery and for sanctions. I would greatly prefer to avoid that course of action, but that depends on you and your client." (July 19, 2007 letter from S. Becker to J. Crosby, Ex. 9 to Mexico's Motion to Compel.)

- Yet again, neither Mr. Crosby nor Mr. Mahoney subsequently contacted Mexico's counsel.

- Mexico filed its Motion on August 3, over two weeks after its July 18 and 19 letters to Thunderbird. (ECF Doc. No. 24.)

Thunderbird's Opposition does not dispute any of these facts. Indeed, Thunderbird expressly acknowledges that it received Mr. Becker's July 18 and July 19 letters, but seeks to ignore the message of the letters – namely, that Mexico was preparing the Motion but requested that Messrs. Crosby and Mahoney contact Mr. Becker if they could discuss precise dates for compliance with the discovery requests. Moreover, the Opposition submits as an exhibit an email sent by Thunderbird to Mr. Mahoney expressly stating that it would not comply with the discovery requests and that "Becker just needs to do what he wants to do to compel discovery." Thunderbird's Opposition also does not address the decision of its own attorneys to decline to respond to Mr. Becker's July 18 and 19 invitations to contact him to discuss discovery, as well as their failure to communicate regarding their client's decision to completely ignore the most recent (July 12) discovery deadline and to refuse to provide a Rule 30(b)(6) witness.

Thunderbird argues, in effect, that in order to satisfy the good faith effort to confer requirement under Local Rule 7(m), it was Mexico's burden not only to determine which of Mr. Crosby or Mr. Mahoney could speak accurately on behalf of Thunderbird,[1] but also to repeatedly solicit one or both of them to respond, notwithstanding the undisputed, extensive efforts that

---

[1]     As discussed above, on July 9 and 10, 2007, Messrs. Mahoney and Crosby had given conflicting information to Mr. Becker regarding (i) whether Thunderbird was preparing discovery responses and (ii) whether Thunderbird's Rule 30(b)(6) witness was resident in the United States or in a foreign country. (See Exs. 7 and 9 to Mexico's Motion to Compel.)

Mexico had already undertaken to elicit their response. Thunderbird makes that argument while simultaneously submitting evidence that it had already decided to allow a motion to compel to be filed. Thunderbird's position is nonsensical.

Regarding the sanctions against Thunderbird and counsel requested by Mexico, it is notable that Thunderbird makes no effort to defend its own conduct or that of Mr. Crosby. To the contrary, the evidence submitted with the Opposition confirms Thunderbird's intent to flagrantly refuse compliance with the discovery requests at least until ordered to do so by the Court.

Thunderbird's Opposition puts into evidence emails indicating that Mr. Mahoney occasionally asked Thunderbird what it wished to do about discovery. None of that information (formerly attorney-client privileged) was previously disclosed to Mexico, either in response to its July 18 and 19 letters, or otherwise. Thunderbird apparently intends to suggest that Mexico should have assumed, based on the combination of Mr. Crosby's hostile July 18 letter and the absence of any response from him or Mr. Mahoney regarding discovery compliance, that Thunderbird's counsel were, in fact, actively pressuring their client and that compliance was imminent. Mexico submits that the appearance of the situation, to any reasonable person, would be the opposite. Indeed, Mexico's view is supported by the evidence Thunderbird itself submitted.

Moreover, the disclosure that Thunderbird has made of previously privileged attorney-client communications seems highly selective. For example, portions of the July 11 email are redacted, and there has been no disclosure of communications between Thunderbird and its counsel regarding Mr. Becker's July 18 and 19 letters warning that Mexico was preparing to file the motion and inviting Thunderbird to contact it to avoid the need for the motion. Presumably,

if the redacted portions or other communications were helpful to Thunderbird, it would have disclosed those as well.[2]

The Opposition asserts on page 3 (without citation to any evidence) that Mr. Mahoney's July 9 oral statements to Mr. Becker that Thunderbird was preparing responses to the discovery requests and that the 30(b)(6) witness would be made available in August were made based on information provided to Mr. Mahoney by Thunderbird. However, there is no explanation why, when Mr. Mahoney learned just two days later that his July 9 statements were incorrect, he did not contact Mexico's counsel to correct his earlier misstatement. There is also no explanation why he chose not to respond at all to the requests in Mr. Becker's July 18 and 19 letters for information on whether Thunderbird would comply with its discovery obligations.[3]

It is noteworthy that the Opposition seems to be carefully drafted to oppose only the part of the motion that addresses sanctions against counsel; there is no serious argument opposing the parts of the motion seeking to compel production and impose sanctions against Thunderbird. (See, e.g., Opposition at 8 ("Although Thunderbird has not yet responded to Mexico's discovery requests, it has not been for want of trying on the part of its counsel."); id. at 9 ("At a minimum, that portion of Mexico's motion seeking sanctions against opposing counsel … should be denied ….").) Knowing full well that Thunderbird would not comply with the discovery requests, and

---

[2]    Thunderbird's Opposition includes copies of an email exchange between Mr. Mahoney and Thunderbird's General Counsel, Albert Atallah, on July 24, in which Mr. Atallah states that he will "get with Jim [presumably James Mitchell, Thunderbird's Chief Executive Officer] and get back with you on the discovery requests." (July 24, 2007 email from A. Atallah to C. Mahoney and J. Crosby, Ex. 6 to Thunderbird's Opposition.) There is no indication that Mr. Atallah ever responded further in the following ten days before Mexico filed its motion. Moreover, these emails do not mention at all the July 18 and 19 letters sent by Mexico regarding the motion, which presumably were discussed in other emails or conversations not disclosed by Thunderbird.

[3]    Thunderbird's Opposition also asserts on page 8 that "Mr. Crosby never downplayed to Thunderbird the importance of responding to discovery," but no evidence is submitted in support of this statement.

apparently willing to distance themselves from their client by divulging attorney-client communications, counsel for Thunderbird could have been forthright about the situation much earlier; rather, they chose to assist Thunderbird's evasions by purposely avoiding responding to Mexico's repeated requests for a commitment on discovery. Neither Thunderbird nor its counsel should be rewarded for their silence.

Almost as an afterthought, page 6 of Thunderbird's Opposition contains the following statement:

> Thunderbird recognizes the importance of responding to Mexico's written discovery requests, and commits to doing so within 30 days. Thunderbird also commits to producing a Rule 30(b)(6) deponent at a mutually convenient time and place.

This is the first time that Thunderbird or its counsel has ever stated that they would respond to Mexico's discovery requests. In light of Thunderbird's prior conduct and its July 11 email indicating that it has no intention of responding to the discovery requests unless ordered to do so by the Court, it remains vital that the Court commit Thunderbird to comply via an order. Absent the filing of Mexico's motion, it is highly questionable when or whether Thunderbird and its counsel would have responded to Mexico's requests or provided any type of explanation for their inexcusable delays. This situation presents a classic example of the purpose of Federal Rule of Civil Procedure 37.

Thunderbird's proposed deadline for its written discovery responses is September 17, 2007,[4] which would be almost six months after Mexico first served the requests and three months after the Court rejected Thunderbird's motion for a protective order. Thunderbird also suggests leaving the scheduling of the deposition completely open-ended. Thunderbird's proposal

---

[4]    Thirty days following the August 17, 2007, filing of Thunderbird's Opposition is September 16, 2007, which is a Sunday. Per the function of Federal Rule of Civil Procedure 6, the applicable due date would thus be Monday, September 17, 2007.

indicates it believes that to date it has been under no obligation to even start on its replies to the discovery requests. That belief is erroneous.

Mexico's Proposed Order, attached to its Motion to Compel, would require that the responses to Mexico's requests for interrogatories and documents be provided within 10 days of the Court's Order on this matter, and that the deposition be scheduled at a mutually convenient date no more than 40 days thereafter.[5] In this egregious case, Mexico respectfully submits that an Order committing Thunderbird to respond within short and specific deadlines, and imposing sanctions against Thunderbird and its counsel as this Court deems appropriate, is imperative to ensure Thunderbird's compliance with its legal obligations.[6]

Dated:  August 24, 2007                              Respectfully Submitted,

                                                     PILLSBURY WINTHROP SHAW PITTMAN LLP

                                                     By:     /s/ Stephan E. Becker
                                                             Stephan E. Becker (D.C. Bar No. 366676)
                                                             Anne E. Langford (D.C. Bar No. 492271)
                                                             2300 N Street, N.W.
                                                             Washington, D.C.  20037
                                                             (202) 663-8000

                                                             *Counsel for United Mexican States*

---

[5]     In the Opposition, Thunderbird suggests that the deposition be scheduled at a mutually convenient "place." Thunderbird initiated its lawsuit in the District of Columbia and thereby submitted itself to the jurisdiction of the District of Columbia. In Mexico's two previous 30(b)(6) deposition notices, Mexico already designated the location for the deposition at the offices of Pillsbury Winthrop Shaw Pittman in Washington, D.C., where it will hold the deposition when taken.

[6]     In its Opposition, Thunderbird argues that Mexico should reimburse Thunderbird its expenses in preparing the Opposition, including attorney's fees, pursuant to Federal Rule of Civil Procedure 37(a)(4)(B) and/or 37(a)(4)(C). Considering that Thunderbird initiated both the underlying arbitration and federal court litigation, and that it has evaded properly-issued discovery for five months, its suggestion that Mexico should be further taxed for Thunderbird's own flagrant noncompliance cannot be taken seriously. Mexico's attempt to compel discovery is plainly both just and substantially justified.

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of August, 2007, Respondent United Mexican States' Reply in Support of its Motion to Compel Discovery and for Sanctions against Petitioner International Thunderbird Gaming Corporation was filed via this Court's ECF system and served via first class mail, postage prepaid, on the following:

Christopher W. Mahoney
DUANE MORRIS LLP
1667 K Street, N.W. Suite 700
Washington, DC 20006

James D. Crosby
Attorney at Law
13400 Sabre Springs Parkway, Suite 200
San Diego, CA 92128

/s/ Stephan E. Becker
Stephan E. Becker