## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In the Matter of the Arbitration under the North American Free Trade Agreement (NAFTA) between<br><br>INTERNATIONAL THUNDERBIRD GAMING CORPORATION,<br><br>        Petitioner,<br><br>  vs.<br><br>THE UNITED MEXICAN STATES,<br>Represented by the Secretaria de Economía<br>Alfonso Reyes No. 30<br>Col. Condesa<br>06179 Mexico D.F.<br>Mexico<br><br>        Respondent. | Case No.: 1:06-cv-000748 (HHK)(AK) |

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

## MOTION FOR LEAVE TO FILE SUPPLEMENTAL REPLY
## IN SUPPORT OF UNITED MEXICAN STATES'
## MOTION TO COMPEL DISCOVERY AND FOR SANCTIONS AGAINST
## PETITIONER INTERNATIONAL THUNDERBIRD GAMING CORPORATION

   The United Mexican States ("Mexico"), by counsel and pursuant to Fed. R. Civ. P. 37

and LCvR 7, hereby respectfully requests this Court to allow it to file a Supplemental Reply in

Support of its Motion to Compel Discovery and for Sanctions Against Petitioner International

Thunderbird Gaming Corporation ("Thunderbird"), related to developments that have occurred

subsequent to Mexico's filing of its Reply brief in Support of its Motion to Compel (ECF Doc.

No. 28). A Proposed Order is submitted herewith.

   On September 19, 2007, Counsel for Mexico, Stephan E. Becker, spoke with local

counsel for Thunderbird, Christopher W. Mahoney, regarding Mexico's anticipated filing of the

instant Motion for Leave to File Supplemental Reply and requested Thunderbird's consent. Mr. Mahoney indicated that he would consult with Thunderbird and James Crosby, the other counsel for Thunderbird, regarding whether or not Thunderbird would oppose the filing of the motion. On September 21, 2007, Mr. Mahoney left Mr. Becker a voicemail message stating that Thunderbird did not consent.

### FACTS

On August 3, 2007, Mexico filed its Motion to Compel Discovery and for Sanctions Against Petitioner International Thunderbird Gaming Corporation ("Motion to Compel" or "Motion"). (ECF Doc. No. 24.) That Motion described Thunderbird's complete failure to respond to discovery that Mexico properly issued on March 28, 2007, under the authority of Federal Rule of Civil Procedure 69. The discovery consisted of interrogatories, document requests, and a 30(b)(6) notice of deposition in aid of execution of the judgment entered by this Court in favor of Mexico on February 14, 2007. On May 7, 2007, Thunderbird filed a Motion to Stay Execution of Judgment and for Protective Order. (ECF Doc. Nos. 20, 21.) On June 20, 2007, this Court issued an Order denying Thunderbird's requests. (ECF Doc. No. 23.)

In Petitioner International Thunderbird Gaming Corporation's Opposition to Respondent United Mexican States' Motion to Compel Discovery and for Sanctions ("Thunderbird's Opposition" or "Opposition") (ECF Doc. No. 27), filed on August 17, 2007, Thunderbird represented to this Court that it would comply with its discovery obligations by a time certain. Specifically, on page 6 of its Opposition, Thunderbird stated as follows:

> Thunderbird recognizes the importance of responding to Mexico's written discovery requests, and commits to doing so within 30 days. Thunderbird also commits to producing a Rule 30(b)(6) deponent at a mutually convenient time and place.

As noted, Thunderbird filed its Opposition to Mexico's Motion to Compel on August 17, 2007. Its commitment to provide responses to Mexico's written discovery requests within 30 days of that date meant that the deadline selected by Thunderbird was September 17, 2007.[1] On September 18, counsel for Mexico, Stephan E. Becker, sent an email to Mr. Mahoney stating:

> We have not received the responses or otherwise heard from you regarding them. Please confirm my understanding that the responses are not being provided.

(September 18, 2007 email from S. Becker to C. Mahoney, copying J. Crosby, Ex. 1 hereto.)

On September 21, Mr. Mahoney sent Mr. Becker an email stating the following:

> I have been advised by my client, International Thunderbird Gaming Corporation, that it has reconsidered its earlier position and, notwithstanding the statement previously made on page 6 of its opposition to your motion to compel (which you reference in your email), the client now does not intend to provide responses to Mexico's discovery requests. After reconsidering its earlier position, it is now the client's position that under NAFTA Article 1136, a disputing party such as Mexico may not seek enforcement of a final award until a court has dismissed an application to set aside or annul the award and there is no further appeal. The client's position is that by entering into NAFTA, Mexico expressly consented to the procedures contained in NAFTA and, thus, agreed that it may not seek enforcement of the arbitration award until a court has dismissed an application to set aside the award and there is no further appeal. The client's position now is that Mexico's discovery requests, which were purportedly propounded "in aid of execution" of the District Court's judgment, are inappropriate because Thunderbird has appealed that judgment and, consequently, the award is not yet binding on Thunderbird and it is premature for Mexico to begin proceedings aimed at enforcing the award. Indeed, Thunderbird is investigating what remedies may be available under NAFTA for such treaty violations. Be advised that Thunderbird has directed that its outside counsel represent that this reconsidered position is taken at the direction of Thunderbird and not at the behest of its outside counsel.

(September 21, 2007 email from C. Mahoney to S. Becker, copying J. Crosby, Ex. 2 hereto.)

---

[1]    The thirtieth day following August 17, 2007, was Sunday, September 16, 2007. By the function of Federal Rule of Civil Procedure 6(a), that deadline would be advanced to Monday, September 17, 2007.

**ARGUMENT**

Thunderbird's withdrawal of its commitment to provide the discovery responses is

unjustifiable. In fact, Thunderbird's memorandum of law submitted in support of its

unsuccessful Motion to Stay Execution of Judgment and for Protective Order filed on May 7,

2007 made the identical legal argument contained in Thunderbird's September 21, 2007 email.

That memorandum stated:

> Here, there is good cause to stay Mexico's attempt to prematurely enforce the
> arbitration award while this matter is on appeal to the District of Columbia
> Circuit, and to stay Mexico's exhaustive discovery propounded supposedly "in
> aid of execution" of the Court's order confirming the award. As noted above, by
> entering into NAFTA, Mexico expressly consented to the procedures set out in
> NAFTA Chapter 11, Section B. NAFTA Article 1122. In doing so, Mexico
> agreed that it may not seek enforcement of the arbitration award until a court has
> dismissed an application to set aside the award "and there is no further appeal."
> NAFTA Article 1136(3)(b)(ii). Because Thunderbird has appealed this Court's
> February 14, 2007 Order confirming the arbitration award, that award is not yet
> binding on Thunderbird and it is premature for Mexico now to begin proceedings
> aimed at enforcing it.

(Memorandum of Law in Support of Petitioner International Thunderbird Gaming Corporation's

Motion to Stay Execution of Judgment and for Protective Order at 4, ECF Doc. No. 20.) This

Court rejected Thunderbird's motion based on this argument in its Order dated June 20, 2007.

(ECF Doc. No. 23.)

As demonstrated by its September 21 email, Thunderbird is unrepentant in flouting the

authority of this Court. Thunderbird has verified that its August 17 "commitment" to this Court

to respond to the discovery requests was disingenuous. Moreover, it cites as its justification a

legal argument already squarely rejected by the Court. There could not be more compelling

circumstances supporting the entry of an order compelling production and imposing sanctions, as

requested by Mexico in its previously-filed motion. (ECF Doc. No. 24.)

Thunderbird's actions in the past week, during which it has reneged on its already grossly tardy promise to comply with its discovery obligations, are highly relevant to this Court's consideration of this discovery dispute. As such, Mexico respectfully requests the opportunity to formally file a Supplemental Reply in Support of its Motion to Compel Discovery and for Sanctions Against Petitioner International Thunderbird Gaming Corporation.

Dated: September 24, 2007

Respectfully Submitted,

PILLSBURY WINTHROP SHAW PITTMAN LLP

By:  /s/ Stephan E. Becker
Stephan E. Becker (D.C. Bar No. 366676)
Anne E. Langford (D.C. Bar No. 492271)
2300 N Street, N.W.
Washington, D.C. 20037
(202) 663-8000

*Counsel for United Mexican States*

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of September, 2007, the Motion for Leave to File Supplemental Reply in Support of United Mexican States' Motion to Compel Discovery and for Sanctions against Petitioner International Thunderbird Gaming Corporation, accompanying exhibits, and Proposed Order, were filed via this Court's ECF system and served via first class mail, postage prepaid, on the following:

Christopher W. Mahoney
DUANE MORRIS LLP
1667 K Street, N.W. Suite 700
Washington, DC 20006

James D. Crosby
Attorney at Law
13400 Sabre Springs Parkway, Suite 200
San Diego, CA 92128

/s/ Stephan E. Becker
Stephan E. Becker