UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

_____
                                              )
In re: Arbitration between                    )
                                              )
INTERNATIONAL THUNDERBIRD                      )
GAMING CORPORATION,                            )
                    Petitioner,               )        Civil Action No. 06-00748 (HHK/AK)
          v.                                  )
                                              )
UNITED MEXICAN STATES,                         )
                    Respondent.               )
_____)

**MEMORANDUM ORDER**

Pending before the Court is Respondent United Mexican States' Motion to Compel

Discovery and for Sanctions Against Petitioner International Thunderbird Gaming Corporation

("Motion") (24); Petitioner International Thunderbird Gaming Corporation's ( "Thunderbird")

opposition thereto ("Opposition") [27]; Respondent United Mexican States' ("Mexico") reply

("Reply") [28]; Mexico's Supplemental Reply [29]; and Thunderbird's Supplemental Opposition

[30].

**I. BACKGROUND**

In January 2006, after an arbitration hearing, the NAFTA [North America Free Trade

Agreement] arbitration tribunal issued an arbitration award in favor of Mexico, with costs and

fees in the amount of $1,252,862.00.  Thunderbird subsequently initiated this lawsuit by filing a

motion to vacate the award (Motion [1]) and Mexico responded by making a cross-motion [8] for

confirmation and enforcement of the award. On February 14, 2007, United States District Judge

Henry Kennedy entered judgment denying Thunderbird's motion to vacate the arbitration award

and granting Mexico's motion to the confirm the award. (Memorandum Opinion [17].)

Thunderbird filed its Notice of Appeal on March 8, 2007. (Notice [19].)  On March 28, 2007,

Mexico served on Thunderbird discovery in aid of execution of the judgment consisting of

interrogatories, document production requests and a Rule 30(b)(6) Notice of Deposition.

Approximately ten days before Thunderbird's responses were due, Thunderbird requested a two-

week extension of time in which to provide responses to the written discovery and Mexico

consented.  (Memorandum in support of Motion ("Memorandum") at 3, referencing counsel's

Declaration, Exh. 3.)  A few days prior to when the responses would have been due under the

extended deadline, Thunderbird filed a Motion to Stay Execution of Judgment and Motion for

Protective Order [20].  On June 20, 2007, United States district Judge Kennedy denied

Thunderbird's motions (Order [23].)

      Mexico subsequently contacted Thunderbird to revisit the issue of discovery compliance.

Mexico allowed Thunderbird an extension until July 12, 2007 to provide responses.

(Memorandum at 4, referencing June 21, 2007 Letter, Exh. 5.)  Thunderbird did not respond to

discovery or provide a Rule 30(b)(6) witness by July 12, 2007, and the docket does not reflect

that Thunderbird sought leave of Court to request an additional extension of time in which to

respond.  Mexico notified Thunderbird by letter, dated July 18, 2007, that it intended to file a

motion to compel and move for sanctions if Thunderbird did not commit to providing a witness

and responsive information within a few days.  (Memorandum at 5, referencing July 18, 2007

Letter, Exh. 8.)  Mexico sent another letter to Thunderbird on July 19, 2007, reiterating its intent

to seek relief from the Court. (Memorandum at 5, referencing July 19, 2007 Letter, Exh.9.)

      On August 3, 2007, Mexico filed the instant Motion requesting Thunderbird's full

compliance in responding to "interrogatories and documents in aid of execution [and]

designat[ion] . . . [of a] Fed. R. Civ. P. 30(b)(6) deponent" as well as reimbursement of Mexico's

expenses in making this Motion, including attorney's fees.[1]  In its Opposition, Thunderbird

argued that the Motion is unripe because Mexico failed to comply with Local Civil Rule 7(m)

which requires that before filing any nondispositive motion, "counsel shall discuss the

anticipated motion with opposing counsel, either in person or by telephone," and the movant

"shall include in its motion a statement that the required disclosure occurred, . . . ."  (Opposition

at 5.)  Thunderbird asserted that "had [Mexico's counsel] complied with LCvR 7(m), much if not

all of the resulting motions practice could have been avoided."  (Opposition at 6.)[2]  Thunderbird

further acknowledged that "[it] recognizes the importance of responding to Mexico's written

discovery requests, and commits to doing so within 30 days [and] Thunderbird also commits to

producing a Rule 30(b)(6) deponent at a mutually convenient time and place."  (*Id.*)  To date,

however, Thunderbird has not complied with any of Mexico's discovery requests or produced a

Rule 30(b)(6) witness.

## II. LEGAL STANDARD

Fed. R. Civ. P. 37 (a)(4)(A) states that:

If the motion [to compel] is granted or if the disclosure or requested discovery is provided
after the motion was filed, the court shall, after affording an opportunity to be heard,
require the party . . . whose conduct necessitated the motion or the party or attorney

---

[1]Mexico requests that these sanctions be awarded against Thunderbird and its counsel.

[2]Responding to Mexico's indication that it would seek sanctions against Thunderbird's counsel, Thunderbird specifically alleged that it would have informed Mexico that "outside counsel was persistent in his communications with Thunderbird that the pertinent discovery requests be answered, and counsel certainly never advised that these requests be ignored."  (Opposition at 6.)

advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.[3]

### III. ANALYSIS

In the instant case, Thunderbird, through counsel, argued that if Mexico had followed the letter of LCvR 7(m), which requires that counsel meet and confer in person or by telephone, much of this controversy could have been avoided.[4] This argument might have persuaded the Court not to consider imposing sanctions if Thunderbird had complied with its discovery obligations consistent with the self-imposed 30-day deadline set forth in its Opposition. In this case, however, Thunderbird filed its Opposition on August 17, 2007, and Mexico filed its Reply on August 24, 2007, which is prior to the deadline by which Thunderbird would have responded to discovery. On September 24, 2007, Mexico filed a Motion for Leave to File a Supplemental

---

[3]The Advisory Committee Notes explaining the 1970 Amendment to Rule 37(a)(4)(A) indicate that "[t]he change requires that expenses be awarded unless the conduct of the losing party or person is found to have been substantially justified." *See* Advisory Committee Notes to 1970 Amendment to Rule 37(a)(4)(A). "The test of 'substantial justification' remains, but the change in language is intended to encourage judges to be more alert to abuses occurring in the discovery process." *Id.* Furthermore, "[t]he proposed change provides in effect that expenses should ordinarily be awarded unless a court finds that the losing party acted justifiably in carrying his point to the court." *Id. See also Devaney v. Continental American Ins. Co.*, 989 F. 2d 1154, 1161 (11th Cir. 1993) ("[T]he [1970] amendment does not significantly narrow the discretion of the court, but rather presses the court to address itself to abusive practices") (citation omitted) and *Merritt v. International Brotherhood of Boilermakers*, 649 F. 2d 1013, 1019 (5th Cir. 1981) (concluding that sanctions under Rule 37(a)(4) are mandatory unless the court finds a substantial justification for discovery delays).

[4]The Court finds that Mexico complied with the spirit of LCvR 7(m), when it notified Mexico in writing (on more than one occasion) of its intent to file a motion to compel after an extended period of non-compliance by Thunderbird. Mexico gave Thunderbird an opportunity to come into compliance prior to this Motion being filed.

Reply ("Motion for Leave") [29], indicating that Mexico had been informed that Thunderbird

had "reconsidered its earlier position [regarding promised compliance] and, notwithstanding the

statement previously made on page 6 of its opposition to [Mexico's] motion to compel . . ., the

client now does not intend to provide responses to Mexico's discovery requests."  ( Motion for

Leave at 3.)[5]

Thunderbird bases its opposition to compliance on NAFTA provisions, but Mexico notes

that "Thunderbird's memorandum of law submitted in support of its unsuccessful Motion to Stay

Execution of Judgment and for Protective Order filed on May 7, 2007 made the identical legal

argument contained in Thunderbird's September 21, 2007 email."  (Motion for Leave at 4,

emphasis in original.)  Thunderbird does not dispute that it is propounding the same argument

that was considered in connection with the Motion to Stay Execution of Judgment and for

Protective Order; rather, Thunderbird asserts that because "the Court's June 20, 2007 summary

denial did not include an order that Thunderbird provide discovery responses [,] Thunderbird's

reconsidered position on Mexico's motion to compel, therefore, does not flout the Court's

earliest summary denial of Thunderbird's request for a stay and protective order."  (Opposition to

Motion for Leave at 5.)

Reviewing the record before this Court, the Court finds that Thunderbird repeatedly asked

for and was granted extensions of time by Mexico in which to comply with outstanding

discovery requests.  During the course of one of these requested extensions, Thunderbird filed its

Motion to Stay Execution of Judgement and for Protective Order, in which it propounded its

---

[5]This Court granted Mexico's Motion for Leave to File a Supplemental Reply with the
proviso that it would consider Thunderbird's opposition to the Motion for Leave as a Supplemental
Opposition and thus, both parties would have a chance to state their positions on the record.

theory that NAFTA precludes efforts to enforce an arbitral award that is on appeal.  On June 20,

2007, United States District Judge Henry Kennedy denied that Motion to Stay Execution of

Judgment and for Protective Order but he did not make a specific ruling regarding the then-

outstanding discovery requests.  For several weeks following the June 20, 2007 ruling, counsel

for Mexico attempted to ascertain when and if Thunderbird was going to respond to the

outstanding discovery requests but these negotiations between counsel eventually gave way to the

filing of this Motion to Compel.  *See generally* Motion at 3-5.  In its Opposition to the Motion, a

document filed with this Court and made part of the record in this case, Thunderbird promised to

comply with all discovery within a self-imposed 30-day deadline.  Thunderbird subsequently

reneged on that promise and now relies on the same argument that was already considered in

connection with its unsuccessful Motion to Stay to attempt to explain its non-compliance.

The Court finds that Thunderbird has proffered no substantial justification for its non-

compliance with the discovery in aid of execution and accordingly, Thunderbird must provide

complete responses to the written discovery within 20 days from the date of this Memorandum

Order.  Thunderbird must also provide a Rule 30(b)(6) witness (or witnesses) within thirty days

from the date of this Order.  Furthermore, this Court finds that Thunderbird's pattern of non-

compliance warrants the imposition of sanctions against Thunderbird in the form of an award of

Mexico's costs and fees associated with filing its Motion, Reply and Motion for Leave to File a

Supplemental Reply.  Mexico should submit an accounting of its fees and costs to the Court

within ten days from the date of this Memorandum Order.  The Court declines to

impose sanctions against Thunderbird's counsel.  It is accordingly this 15th day of November,

2007,

ORDERED that Mexico's Motion to Compel Discovery and for Sanctions Against

Petitioner International Thunderbird Gaming Corporation [24] is granted in part and denied in

part.


_____/s/_____
ALAN KAY
UNITED STATES MAGISTRATE JUDGE