# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

**No. 07-7039**

[1080468]

INTERNATIONAL THUNDERBIRD GAMING CORPORATION,
    APPELLANT

v.

UNITED MEXICAN STATES,
    APPELLEE

**September Term, 2007**
FILED ON: NOVEMBER 15, 2007

**MANDATE**
Pursuant to the provisions of Fed. R. App. Pro. 41(a)

ISSUED: 2/1/18
BY: [signature] Deputy Clerk

ATTACHED: ___ Amending Order
            ___ Opinion
            ___ Order on Costs

Appeal from the United States District Court
for the District of Columbia
(No. 06cv00748)

Before: HENDERSON, ROGERS, and TATEL, *Circuit Judges*.

## JUDGMENT

This case was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties pursuant to D.C. Circuit Rule 34(j). It is

**ORDERED AND ADJUDGED** that the order of the district court in *International Thunderbird Gaming Corp. v. United Mexican States*, 473 F. Supp. 2d 80 (D.D.C. 2007), be affirmed. After assuring the Mexican government that the games at its gaming facilities were not games of chance, International Thunderbird Gaming Corp. ("Thunderbird") received an official opinion from the government that the facilities were lawful. The games, however, did involve chance, and the Mexican government later shut down the facilities. Thunderbird petitioned for arbitration under NAFTA, and the arbitrators ruled in favor of Mexico and awarded Mexico attorneys' fees. In a thorough and well-reasoned opinion, the district court confirmed the award.

We can set aside an arbitration award only if there *is* "manifest disregard of the law." *LaPrade v. Kidder, Peabody & Co.*, 246 F.3d 702, 706 (D.C. Cir. 2001). With regard to Thunderbird's claim that the arbitrators acted in manifest disregard of the law in applying the burden of proof, we agree with the district court that the arbitrators properly "concluded that

A True copy:
United States Court of Appeals
for the District of Columbia Circuit

By: [signature] Deputy Clerk

Thunderbird had not met its initial burden," or in the alternative that the burden was "rebutted by evidence submitted by Mexico." 473 F. Supp. 2d at 84 & n.3. With regard to Thunderbird's claim that the arbitrators acted in manifest disregard of the law in awarding Mexico attorneys' fees, we agree with the district court that the arbitrators had "wide discretion to award costs and fees." *Id.* at 85.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing en banc. *See* FED. R. APP. P. 41(b); D.C. CIR. R. 41.

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:

Deputy Clerk