UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| In re: Arbitration between<br><br>INTERNATIONAL THUNDERBIRD<br>GAMING CORPORATION,<br>                    Petitioner,<br>         v.<br><br>UNITED MEXICAN STATES,<br>                    Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 06-00748 (HHK/AK) |

## MEMORANDUM ORDER

By Memorandum Order [32] dated November 15, 2007, this Court granted in part and denied in part United Mexican States' Motion to Compel Discovery and for Sanctions against Petitioner International Thunderbird Gaming Corporation [24], with the result that International Thunderbird Gaming Corporation ("Thunderbird") was ordered to provide "complete responses to written discovery within 20 days" and "a Rule 30(b)(6) witness (or witnesses) within thirty days . . . ." ([32] at 6.)  The Court also found that Thunderbird's "pattern of noncompliance warranted the imposition of sanctions against Thunderbird in the form of an award of Mexico's costs and fees associated with filing its Motion [to compel], Reply and Motion for Leave to File a Supplemental Reply." (*Id.*)  United Mexican States ("Mexico") was directed to submit an accounting of its fees and costs to the Court, and Mexico subsequently complied with that direction.

The total fees claimed by Mexico in connection with the aforementioned motion, reply

and motion for leave to file supplemental reply equal $17,835, reflecting work performed by a partner, associate and paralegal and employing respective hourly rates of $425, $245, and $120, based on the *Laffey* Matrix.  See *Laffey v. Northwest Airlines, Inc.*, 572 F. Supp. 354 (D.D.C. 1983), *aff'd in part, rev'd in part on other grounds*, 746 F.2d 4 (D.C. Cir. 1984), *cert. denied*, 472 U.S. 1021 (1985). The *Laffey* decision involved a claim for attorneys fees in a "complex and long standing employment discrimination suit." 746 F.2d at 7.  In that case, Circuit Judge Skelly Wright, dissenting therein, agreed with the majority that "the appropriate inquiry is to determine the prevailing market rate for complex federal litigation." 746 F.2d at 32 (citing *Blum v. Stenson*, 104 S. Ct. At 1547 n.11).  The instant case involves a claim for attorneys' fees based on work performed in connection with a motion to compel, which is not "complex."

      The *Laffey* Matrix is employed as a guide and then the Court "exercise[s] its discretion to adjust this sum upward or downward to arrive at a final fee award that reflects 'the characteristics of the particular case (and counsel) for which the award is sought.'" *Kister v. District of Columbia*, 229 F.R.D. 326, 330 (D.D.C. 2005) (quoting *Laffey I*, 572 F.Supp. at 361).  See also *Tequila Centinela, S.A. v. Bacardi & Company Ltd.*, 248 F.R.D. 64, 71-72 (D.D.C. 2008) (finding that "[t]he determination of how much to trim from a claim for fees is committed to the district court's discretion.") (quoting *Oklahoma v Aerotronics, Inc. v. Untied States*, 943 F.2d 1344, 1347 (D.C. Cir. 1991)).

      As a preliminary matter, this Court notes that the underlying litigation in this case relates to enforcement of an arbitration award that was confirmed by United States District Judge Henry Kennedy.  Mexico moved to compel Thunderbird to respond to discovery in aid of execution of a judgment.  A review of the motion to compel and related documents drafted on behalf of Mexico

reveals that the motion did not primarily focus on discussion of legal issues, complex or otherwise, but rather recounted Thunderbird's noncompliance and addressed arguments by Thunderbird that had previously been propounded and denied.  The Court thus finds that the fee award claimed by Mexico in connection with the motion to compel and related documents should be reduced by fifty percent to reflect the nature of this particular litigation and the relative simplicity of the motion to compel.  Accordingly, it is this 16th day of May, 2008,

ORDERED that sanctions against Thunderbird Gaming Corporation, in the form of an award of fees and costs associated with United Mexican States' preparation of a motion to compel [24], are awarded in the amount of $8,917.50, in favor of United Mexican States.

_____/s/_____
ALAN KAY
UNITED STATES MAGISTRATE JUDGE